By the Court, Robertson, Ch. J.
On the trial in this action, the plaintiff testified, that he had advanced to Mr. *442 Van Bokkelin a certain sum upon the oil in question ($1500) and had it put in storage, and got a receipt therefor; that he requested another Mr. Van Bokkelin to have it sold for cash bn arrival, and two ■ or three days after-wards found at his office, a writing which he termed “,a broker’s note.” This, in form, purported to be a purchase of the plaintiff, for account of the defendants, of the oil in question for a certain price ($1.85 per gallon) cash on delivery, and was signed with the name of “ George Leonard, Broker.” Ho evidence was given of the handwriting of the signature, or any authority from the defendants to any one to make such purchase for them. • It was offered in evidence and objected to as “ hearsay and not competent,” and an exception taken to its admission. ■ There was no other evidence of a sale offered, and the defendants’ counsel moved to dismiss the complaint upon the ground that there was no proof of a sale of the oil in question.
A written paper like that in question without proof of its origin, or by whom it was signed, or of the handwriting, of the signature, is clearly not admissible as evidence of the facts which it purports to state. Possibly after the plaintiff’s counsel was permitted to ask his client respecting it, and how he came by it, reading it may not have been objectionable, but what it proved after it was read, is another question. Where the proof of a deed is certified by the proper officer and there is a formal defect in the certificate, it must be pointed out specifically in the objection to its admission. (Norman v. Wells, 17 Wend. 136. Mabbett v. White, 12 N. Y. Rep. 442.) The insufficiency of a certificate in not stating all the facts necessary to make it available, cannot be taken advantage of, under a general objection that it was not duly authenticated. (Waterville Manufacturing Co. v. Brown, 9 How. Pr. 27.) But I am not aware that the admission of an instrument without any authentication, or proof of a signature, in *443 evidence, against a general objection that it was incompetent, have ever been sustained.
But even if the objection to such evidence were not properly framed, it evidently, -by itself, was no proof of a purchase or sale. There wás no evidence of the existence of the person whose name was written at the foot of such paper; much less of any authority to him by the defendants to buy for them; and without that there was no proof of a sale to the defendants and the motion to dismiss should have been granted.
The judgment should be reversed, and a new trial had, with costs to abide the event.