No. 3330.

### BUTCHERS' BENEVOLENT ASSOCIATION v. R. KING CUTLER.

A party can not be injoined from prosecuting suits for claims, whether well founded or not. On the defense the parties can be heard and their rights adjusted. The intimation that a party fears he may not obtain justice before a particular judicial officer, or that he should be sued in a court of higher jurisdiction, is no ground for an injunction.

The judge *a quo* dismissed the rule, and on the trial of the merits dissolved the injunction, with $100 for counsel fees. As no evidence was admitted on the trial of the motion, in reference to any damages, and the motion should have been sustained, no damages can be allowed. This is not the class of cases in which damages may be given without special proof. The plaintiffs and their securities are liable on their injunction bond.

A PPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee, J. A. N. & H. N. Ogden,* for plaintiffs and appellants. *W. B. Hyman* and *A. T. Steele,* for defendant and appellee.

HOWELL, J. The plaintiffs injoined the defendant from further prosecuting seventy-two suits, instituted by him against as many butchers and dealers in live stock, before the eighth justice of the peace in said parish, for professional fees, on the ground that they, the plaintiff association, had, in behalf of the said several defendants, made a contract with defendant in this case for a fixed sum, to defend and prosecute all suits of a certain character in which the said parties might be interested, and that the plaintiffs are the warrantors of said parties. A motion was made to dissolve the injunction on the ground, among others, that the petition disclosed no cause for an injunction.

This motion should have prevailed. A party can not be injoined from prosecuting suits for claims whether well founded or not. On

the defense the parties can be heard and their rights adjusted. The. intimation that a party fears he may not obtain justice before the particular judicial officer, or that he should be sued in a court of higher jurisdiction, is no ground for an injunction.

The judge *a quo* dismissed the rule and on the trial of the merits dissolved the injunction with $100 for counsel fees. As no evidence was admitted, on the trial of the motion, in reference to any damages,, and the motion should have been sustained, no damages can be allowed. This is not the class of cases in which damages may be given without special proof. The plaintiffs and their sureties are liable on the injunction bond.

It is therefore ordered that the judgment be annulled by striking therefrom the damages awarded, and as thus amended it be affirmed.

Appellee to pay costs of appeal.