The opinion of the court was delivered by
Manning, C. J.
This case presents a question not hitherto settled by our jurisprudence, i. e. should a mandatory injunction issue upon a preliminary motion or application?
There are two forms or kinds of injunction employed by English and American courts of equity, the most common form being that which operates as a restraint upon a party in the exercise of his real or supposed Tights, and the other, commanding an act to be done. The first is sometimes called the remedial writ, and the second the judicial writ, because it issues after a decree. 2 Story Eq. Jur. § 861. With us, the definition of the writ is statutory; — injunction, or prohibition is a mandate obtained from a court by a plaintiff, prohibiting one from doing an act which he contends may be injurious to him, or impair a right which he claims. Code Prac. art. 296.
The plaintiff is the owner of tow-boats, and is engaged in the business of towing vessels back and forth from the gulf to this City. In the prosecution of his business, it is often necessary and always useful to communicate by telegraph with the Passes of the Mississippi river. Tho defendant is an incorporated company, established to conduct the business of towing vessels to and from the gulf hither, and was empowered to build or buy steam tow-boats, and to purchase, or build, or establish a telegraph line between this City and the Passes. The company built the line, and for many years it was open to the public, any one sending dispatches over it at pleasure on paying the rates. The plaintiff thus used it, but for some cause his dispatches were refused transmission a year ago, and in May 1878 he brought this suit. His prayer is, that a writ of injunction issue, commanding the defendant company to receive and transmit by magnetic telegraph over its telegraph line between this City and the Passes, all messages from or to *498 him, offered to be transmitted, on the payment of the usual rates of compensation, and that after due proceedings had, the writ be ldade peremptory.
The defendant construes the use of the disjunctive in our definition of the writ — ‘injunction or prohibition is a mandate’ — as explanatory of its nature, so that the word ‘prohibition’ shall be considered as a definition of ‘injunction,’ and as having been used to indicate the kind of writ which the Code adopts, thus restricting our statutory writ to one of those known in Equity practice. We are not inclined to adopt a construction which may shut us off from sources of relief that ought to be open to us, and particularly when it is based on the use of a single word, not intended apparently to have such broad significance. This court early declared that the writ is as effective in enforcing a right as in preventing a wrong. McDonough v. Calloway, 7 Rob. 442.
In that case, the plaintiff alleged that the defendant had wrongfully fenced up an alley way between their lots, which was common to both, and prayed the court to order the obstruction removed, and that an injunction-should issue, commanding the defendant not to disturb him in the free use and enjoyment of the common way. The judge gave an order simply enjoining the defendant from disturbing the plaintiff in the use of the alley, and several days afterwards, the plaintiff made an affidavit, and asked for a rule On the defendant to shew cause why he should not be punished for contempt, and why the obstructions should not be immediately pulled down. Upon the hearing of this rule, the judge said, it appeared the defendant had done no act since his injunction, but had quietly permitted the fence to stand, and as the writ was a preventive one, the defendants had not been guilty of any contempt and as to ordering the obstructions to be demolished, that he could not do so until he heard the parties on the merits. On appeal, the point was made, that injunction is not the proper remedy when the object is to direct a partv to perform a particular act; and that if it be, the order cannot be made, to the extent required, before hearing the parties on the merits, and this court said ; — the law has not left parties remediless in such eases, nor the courts powerless for the correction of such evils_ The judge below should at once have granted an order to have the obstruction removed by the sheriff.
It is claimed by the defendant that this case only shews that cases may arise of extreme necessity, in which our courts will enforce their authority or decrees by the mandatory writ of injunction; but it certainly shews that the issuing of such writ was considered within the competency of our courts. As it is the only authoritative case on that question, it becomes necessary to determine whether we will maintain that construction, and to what extent.
*499 Since we do not administer law and equity in separate courts, it is essential, in interpreting the articles of the Code of Practice that treat of the writs, peculiar to equity jurisdiction, to give such effect to them as will make the writs effectual remedies, so far as this can be done without running counter to the express language of the Code. Besort is often had to the decisions of Equity courts in making this interpretation, controlled by the fact that our remedies are statutory, and can only be used for the purposes indicated ; but we should not be justified in going beyond the application of those remedies made by Equity courts, and recognised therein as sufficiently comprehensive to attain complete relief.
The history of the question now before us in the Chancery courts of England has been correctly and fully epitomised in a recent case, which reviewed all the decisions from the earliest in Vesey down to Heracy v. Smith decided by Sir Page Wood V. C. afterwards Lord Chancellor Hatherley, and the court summed up the investigation by saying; — there are eases in which mandatory injunctions have been ordered on motion, (equivalent to our granting the writ on prima facie shewing) but they are all, or nearly all, cases in which some erection, placed and maintained by the defendant to effect the injury complained of, was ordered to be removed, or its maintenance forbidden, on the ground that the defendant effected the act he was restrained from d ling by continuing such erection. Rogers Locomotive and Machine Works v. Erie R. Co., 20 N. J. Eq. 379. And that was precisely the McDonough case. Calloway effected the obstruction of the alley, which he was restrained from doing, by continuing the erection which caused the obstruction. Further on in the same case the New Jersey court say ; — A number of authorities and cases were cited on the argument to shew that courts of equity will, in certain cases, decree the restitution •of particular chattels. But these are all cases where it was so ordered upon final hearing. There is no case of any interlocutory injunction being granted, or even applied for, for such purpose.
The farthest we feel authorized to go is to hold that the writ of injunction, in the prohibitory or remedial form, can alone be issued on the ex parte application of the complainant, and this the more, since the issuing of the writ is not with us matter of discretion, but of compulsion, when the applicant for it complies with the requirements of the Code of Practice, by presenting a petition which on its face se'ts out a legal -cause for the writ, and fortifies it by his oath, and gives bond. Beebe v. Guinault, 29 Annual, 795. The. writ in the mandatory form cannot be issued until a hearing on the merits, when it is a judicial writ and is sited to enforce a decree; or when, a prohibitory writ having issued, restraining a party from obstructing the exercise of a right, the obstruc *500 tion may be commanded to be removed because its continuance effects, the very injury he was prohibited from effecting.
This appeal is from a judgment setting aside the injunction obtained; ex parte, the trial having been only on the exception and motion to dissolve, and the lower judge presents the question he decided thus whether on the face of an application, such as the present, there is a warrant in law to issue in limine the injunction granted in this case ; or in other words,-is it lawful under our law and jurisprudence to issue a mandatory injunction before a trial upon the issues of the controversy 2?
His judgment answered that question negatively.
Judgment affirmed.