## NEW ORLEANS, JANUARY, 1881. · 133

State ex rel Sigur vs. Judge 19th Judicial District Court.

### No. 8129.

### STATE OF LOUISIANA EX REL. EDWARD SIGUR VS. JUDGE 19TH JUDICIAL DISTRICT COURT, PARISH OF ST. MARY.

The order of court dissolving an injunction on bond, may work an irreparable injury and is appealable, when the act enjoined, as alleged, amounts to a trespass, and the effect of dissolving the injunction would be to change the possession of immovable property. Affirming previous decisions.

# APPLICATION for Writ of Mandamus.

*D. Caffrey* for the Relator.

Where the effect of an order dissolving an injunction is to deprive the owner of land, or one claiming to be owner, of its possession, *pendente lite*, the order is appealable from. 11 An. 39; 14 An; 847; *Ib.* 57; 22 An. 512; 24 An. 154; 30 An. 970; C. P. 307

*F. S. Goode*, judge, etc., Respondent, *propria persona*.

The opinion of the Court was delivered by

FENNER, J. The police jury of the parish of St. Mary having traced and laid out a public road across and over the plantation of relator in accordance with the provisions of Sec. 3369 Rev. Statutes, the relator, as authorized by section 3370 Rev. Statutes, appealed to the District Court for the parish by petition, and applied for and obtained a writ of injunction staying proceedings and prohibiting the police jury from entering upon his lands for the purpose of opening and constructing the proposed road.

He averred that there was already a good and sufficient public road along the lower boundary of his plantation, which had existed and been used by the public without complaint for over a quarter of a century; that he contributed one-half the land over which said road runs; that he has erected his dwelling house, sugar house, buildings, orchards, etc., and has located his fields and pasture with reference to said road; that if the proposed road be run through his enclosures, he would be compelled to erect fences and gates along the same to protect his fields from invasion by stock, etc.; and that the time allowed under the notice given would be too short to enable him to protect his growing crops.

He denies the necessity of the road and the right of the police jury to open it through his plantation. He averred that the opening of the road would work him irreparable damage and injury. The injunction was granted as prayed for.

Thereafter the police jury applied to the court to dissolve the injunction on bond under article 307 C. P., and the Court ordered the dissolution.

Relator, averring that the dissolving order was erroneously granted and worked him an irreparable injury, applied for a suspensive appeal to this Court, which the judge refused.

The relator applies, in the present proceeding, for a writ of mandamus commanding the judge to grant the suspensive appeal as prayed for.

The judge answers that he granted the dissolving order, because after careful examination, he considered that the act prohibited could not work an irreparable injury to relator; that, inasmuch as appeals from interlocutory judgments are only allowed when such judgments would work an irreparable injury, and as in granting his dissolving order he had decided that there was no such injury, he naturally denied the appeal therefrom.

He basis his action upon our recent decision in the case of C. C. Slaughterhouse Co. vs. the Police Jury of the parish of Jefferson, and on Jure vs. Municipality, 2 A. 321.

We find nothing in either of those decisions inconsistent with the well-settled principle that "when the acts complained of amount to a trespass, and the effect of dissolving the injunction would be to change the possession of immovable property, the injury is irreparable."

Marion vs. Johnson, 22 A. 512.

Boedicker vs. East, 24 A. 154.

The law jealously guards the owner's possession of immovable property, and restrains and even punishes as a crime, all unauthorized interference with it. Disturbance of such possession, no matter under what color or claim of right, is not permitted in the case of individuals, under any circumstances, in advance of judicial determination of the right made in pursuance of prescribed forms of action.

The conceded right of eminent domain invests the sovereignty with the power of disturbing and divesting possession in a more summary manner; but in delegating to subordinate agents the privilege of exercising this sovereign right, the State has imposed upon them certain restrictions and conditions with which they must absolutely conform. When they are acting in violation of those restrictions, they lose the protection of the sovereign authority, and their invasions of private property, are, in such cases, as much trespasses as if committed by private individuals.

In conceding to police juries the right of opening roads, the State has made careful provision to protect the rights of private persons by requiring them to be laid out "as little as may be to the prejudice of inclosures," and also by directing a proper assessment of the damage which any party may sustain. Rev. S. § 3369.

It is further provided that whenever any individual through whose

land a road laid out may pass, is dissatisfied, either with the course the road is to take, or with the damages assessed to him, he may have an appeal to the District Court, and, when the case requires the same, may have an injunction to stay proceedings.

Relator has availed himself of these rights. He complains of the course which the road is to take as being unnecessarily and wantonly to the prejudice of his inclosures, and inflicting upon him an irreparable injury.

The controversy between him and the police jury is whether the latter has the legal right to construct the road through his plantation in the course proposed. He is in possession as owner of the ground over which the road is to run. Under the allegations of his petition, which must be taken as true, and on which the injunction issued, the police jury is without right to disturb his possession, and would commit a trespass in doing so. The effect of dissolving the injunction is to authorize the commission of this trespass, and to change the possession of the immovable property. Such acts, under the jurisprudence of this Court, work an irreparable injury. The adverse possession during the pendency of the proceedings is inconsistent with the absolute right of relator as claimed on the face of his petition, and cannot be permitted prior to final adjudication, because it is impossible to restore the obliterated possession during the period in which he has been deprived of it. The question of damages is a separate and subordinate one already fully protected by the law itself, which makes them a charge upon the parish treasury independent of any bond.

It is, therefore, ordered that the mandamus issued herein be made peremptory.