Hon. FÉLIX P. POCHÉ,
Hon. ROBERT B. TODD,
Hon. CHARLES E. FENNER,
Hon. LYNN B. WATKINS,

⎫
⎬ *Associate Justices.*
⎭

No. 10,092.

40    1
45  535
40    1
48  942
40    1
e116 683

THE STATE EX REL. JAMES SWEENEY VS. ALBERT VOORHIES, JUDGE, ETC., ET ALS.

A District Court has no jurisdiction over a cause, the object of which is to have it determined that claims, to enforce which suits are apprehended to be brought before a city court in unappealable amounts, have been paid or setttled.

As a corollary, such court has no right to issue an injunction to prevent the creditor from instituting such suits.

It will be time enough to urge the plea of payment when the claims are put in suit. It is not to be presumed that if the same is established, the city judge will not maintain it or will violate the law and his official oath. 39 Ann. 619 affirmed.

While under Article 90 of the Constitution this court would be impotent to upturn an illegal judgment overruling the defense of payment, it could, under proper charges and proof, afford adequate relief under Article 200 of the same Constitution.

APPLICATION for Certiorari and Prohibition.

*T. M. Gill*, for the Relator.

*W. S. Benedict*, contra.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an application for a Prohibition.

The relator complains that, in a case over which he has no jurisdiction, the district judge has issued an injunction, forbidding him from bringing suits before a city court against certain parties named.

The relator states substantially that the ground upon which the injunction was allowed is, that the plaintiffs fear that the defendant (who is the relator here) will sue them before said court on items of alleged indebtedness, reduced to unappealable amounts, while the aggregate of the same exceeds the lower limit of the jurisdiction of this Court; that the amounts which he apprehends may thus be put in suit have been paid or settled, and that the object of the defendant (relator) in said future or eventual suits is to recover twice his claims and to vex and harass them.

The defendant in the injuction proceeding filed an exception to the jurisdiction of the district court, over the subject matter; but the same was overruled.

The defendant now appears before this Court and invokes its supervisory powers to declare that said district court has no jurisdiction in the premises.

In his return the district judge answers that he has jurisdiction of the main demand and that he has authority to maintain it.

At first sight it is apparent that the district court has no power to decide that which another court of undoubted jurisdiction would have the exclusive right of determining on a proper issue.

Were it otherwise, a clash of jurisdiction might arise to which no remedy could be applied.    Such discordance and conflict in the judicial department must by all legal means be avoided.

If it be true that the plaintiffs in the injunction case have already paid or settled for the items of indebtedness which they say they fear the defendant in the suit proposes to sue them for before the city court, and if the defendant in the suit actually brings the apprehended suits, it will be time enough for the defendants in the same to plead and

show *payment*.  It is not to be presumed that, if such be the case, the city judge will violate the law and his official oath and overrule the plea of payment and condemn the parties to pay again.

Were he to do so, this Court would have no jurisdiction to reverse his judgments under any remedial writs justified by Article 90 of the Constitution ; but it surely would have jurisdiction on proper averments and proof, to prevent the further abuse of power by any inferior judge, under the provisions of Article 200 of the Constitution.

This application, although somewhat differently garbed, presents the same question as was submitted and determined in the germane case of State ex rel. Sweeney vs. Rightor, Judge, 39 Ann. 619, in which it was held that the Constitution guarantees to every person the right to seek redress through the courts for any injury to his person or property, and to enforce any legal demand therein ; and so, that a court is without power to prevent by an injunction a person from bringing a suit before another court of competent jurisdiction to enforce a right claimed, or redress an alleged grievance.

This controversy presents no feature which removes it beyond the compass of that ruling.

It is therefore ordered that a peremptory Prohibition issue herein as prayed for and according to law.