LAND, J.
Relator applies for a mandamus to compel the respondent judge to grant an order of injunction in the ease of John B. Lewis v. G. D’Albor filed in the district court in and for the parish of Iberia.
It appears from relator’s allegations that G. D’Albor sued John B. Lewis for a right of way, or passage, over certain lands to the nearest public road, and on appeal from an adverse judgment to the Court of Appeal for the parish of Iberia, succeeded in obtaining a decree of reversal and granting him a right of way or passage over relator’s lands, as indicated by letters on a certain map filed in evidence, and remanding the cause to the district court for the assessment of damages sustained by the relator by reason of the expropriation of said right of passage.
Relator represents that before the question of the assessment of damages was tried, the police jury opened a public road 28 feet in width to the property of D’Albor, and that thereupon the relator applied to the respondent judge for an injunction to prohibit said D’Albor from taking possession of the right of passage granted by the decree of the Court of Appeal and to prohibit him from further proceeding towards the assessment of damages in his suit in the district court.
Relator further represents that the district judge heard argument on the said application for an injunction, and that relator in open court offered to withdraw his application if said judge would order the consolidation of the two suits; but said judge not only refused to grant the injunction but also refused to order the consolidation of the suit. Whereupon the relator filed the petition now before the court.
The answer of the respondent judge may be summarized as follows:
That the Court of Appeal had rendered a decree granting to D’Albor a certain designated right of passage over the estate of the relator and has remanded the case for the reception of additional evidence on the question of the amount of indemnification to which the relator might be entitled.
That the relator seeking to set aside the decree of the Court of Appeal, sought to raise new issues after rendition, but that the judge restricted relator to the issue of damages, and that thereupon the latter applied to the Supreme Court for writs of certiorari and prohibition, which were denied.
- That the case was fixed several times for trial on the issue of damages, but for various reasons could not be taken up and tried.
That relator then applied for an injunction against further proceedings in the. cause as *682 well as against D’Albor to prevent him from •entering into the enjoyment of the right of way granted him by the judgment.
That the respondent judge refused to grant the order for an injunction as prayed for, because the prosecution of the suit cannot be arrested by an injunction, iior does an injunction lie to prevent a litigant from enforcing a lawful judgment which he may •obtain in a pending suit.
The respondent judge submits that, if since the decree of the Court of Appeal was rendered, conditions have arisen which abrogate the right of way granted, then relator’s remedy is by suit to set aside the grant, but that while this issue is being controverted, D’Albor should not be denied the right of prosecuting the first suit.
The petition.for an injunction alleges that since the rendition of the decree of the Court of. Appeal there has been opened by the police jury a public road leading from another established public road to the property •of D’Albor, and that therefore there is no longer a necessity of a right of passage across relator’s property on the line fixed by the decree of the court.
The petition contains the following further allegations, to wit:
“That this public road runs to the quarter section of his property, and petitioner tenders him a right of passage over the other lands he may own (which passage is indicated on a certain map), which enables him to get to •other small tracts in that section and connect them with the tract of land which is reached by the public road.
“Your petitioner shows that this right of passage would be a great deal less inconvenient to him; that if it is not changed but permitted to stand as originally decreed it would cause him great irreparable injury and would amount to a cutting in two of his entire plantation, thereby inclosing part of his land by the land of others.”
Plaintiff in injunction alleged that he had a legal right to have the right of passage changed to a point where it would be less inconvenient to him, provided it be so changed as to allow D’Albor to reach a public road. The prayer of his petition is for .judgment changing the location of the right of way as originally granted by the judgment of the Court of Appeal so as to decree that the same should run on certain described lines to the new public road.
Petitioner prayed that D’Albor be prohibited and restrained from entering upon relator’s land or attempting to take possession of the right of way indicated on the map “G-, H,” until final determination of the same, and from tailing any further action in the original suit until the final determination of relator’s application to change the right of way so as to be less inconvenient to him, unless the two actions be consolidated.
In short, relator sought to enjoin D’Albor from prosecuting his suit and from taking possession of the right of way decreed in his favor, pending the suit of the relator to change the location.' As stated by the respondent judge the application for the writ does not rest upon any allegation that D’Albor was seeking to take possession by force or otherwise than by virtue of a decree of court.
D’Albor’s right to take possession under the judgment of the Court of Appeal remains in abeyance until the quantum of compensation due relator is fixed by final decree of the court and paid.
Relator seems to apprehend that the prosecution of D’Albor’s suit to final judgment and execution will impair or destroy his asserted legal right to have the location of the servitude changed so as to be less inconvenient to him.
In Brott v. Eager, Ellerman & Co., 28 La. Ann. 262, the court said:
“The right to claim and the right to prosecute a suit in court, are rights which can be denied to no one. They are protected by article 10 of the Constitution.”
In Bonin v. Monot, 28 La. Ann. 597, the police jury had enjoined the plaintiff by suit in the parish court from closing, a public *684 road. Bonin then obtained an injunction in the district court arresting the process and writs of the parish court. The Supreme Court held that the parish had the constitutional right to sue out the injunction in the parish court and that the district court had no right to interfere by injunction. The same court had previously decided that a party could not be enjoined from prosecuting claims whether well founded or not. Butchers’ Benevolent Association v. Cutler, 26 La. Ann. 500. In State ex rel. Sweeney v. Judge, 39 La. Ann. 619, 2 South. 385, it was held that a court was without power to prevent by injunction a person from bringing a suit before another court of competent jurisdiction.
In that case the court pointed out the fact that under our judicial system all courts possess equally law and equity powers, and therefore, the doctrine in other states that a court of equity may in some instances enjoin a party from resorting to a suit at law to prosecute his demand, had no application. See, also, State ex rel. Sweeney v. Judge, 40 La. Ann. 1, 3 South. 460.
All of these decisions rest on the constitutional guaranty that courts shall be open, and every person, for injury, shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay. Const. 1898, art. 6. This principle applies to all suits and to all injunctions whether in the same or another court.
In Darcantel v. Slaughter House Co., 44 La. Ann. 645, 11 South. 239, the court said:
“The general dictum quoted from various authorities to the effect that a party can always prevent by injunction the doing of an act which would give him a claim for damages obviously refers, and must be confined to unlawful acts.”
It is well settled that if the law gives the judge discretion to grant or refuse the injunction, mandamus will not lie, and that he has discretion in cases arising under article 303 of the Code of Practice. Breaux’s Digest, p. 508. It is equally well settled that he has no such discretion in cases provided for by article 298 and others similar where-the law provides that “the injunction must be granted.” State ex rel. Yale v. Judge, 41 La. Ann. 518, 6 South. 512.
The prosecution of a suit is a lawful act and affords no ground for an injunction. The enforcement of the judgment of a competent court cannot be considered as a trespass. Both parties have the legal right to-prosecute their respective suits to final judgment. If the relator succeeds in obtaining judgment changing the location of the right' of way, any judgment rendered or that may be rendered in the original suit will be to-that extent vacated or rendered no longer operative. Neither party can be enjoined from prosecuting their respective demands before the courts, and the rights of neither can be prejudged. It may be that, in the interest of both parties, the two eases should be consolidated in order to prevent conflicting judgments, but this is a matter left to the discretion of the district judge.
We note that in the case of D’Albor v-Lewis, the relator offered to file an amended answer raising practically the same issues presented in the petition for injunction. It is true that the district judge refused to-permit the relator to file such answer, and he took a formal bill of exceptions to the ruling on the court. On appeal, the relator will have an opportunity of presenting to a higher court the question of his right to have-the judgment in favor of D’Albor changed or modified for the reasons stated in his amended answer. Relator can appeal suspensively from any final judgment in the-D’Albor suit.
We have read with pleasure the able brief submitted by counsel for relator, and concur with them in the view that he should be afforded an opportunity to present his contention of abatement to the court either in the-original suit or by separate action, but we- *686 cannot hold that relator has the legal right to enjoin the prosecution of the original suit while he is prosecuting his own suit. If it should be finally determined that relator had no right to urge the alleged abatement of the right of passage in the original suit, and a final judgment should be rendered therein in favor of D’Albor, it will be time- enough to consider relator’s right to enjoin its execution. As it is, the decree of the Court of Appeal is in abeyance and cannot be executed.
It is therefore ordered that the writs nisi herein issued be recalled, and that relator’s application be dismissed, with costs.