(53 South. 653.)

No. 18,248.

BRADLEY et al. v. DAVIS et al.

(Nov. 14, 1910. Rehearing Denied Dec. 12, 1910.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR (§ 797*)—MOTION TO DISMISS—DISMISSAL.

The three days on which the motion to dismiss should have been filed had elapsed, and the motion, not being filed in the prescribed time, is dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3149–3154; Dec. Dig. § 797.*]

On the Merits.

2. INJUNCTION (§ 178*) — DISSOLUTION ON BOND—DENIAL.

The allegation that to dissolve an injunction on bond would work an irreparable injury

by changing the possession of immovable property from plaintiff to defendant is a sufficient allegation of irreparable injury to deny the dissolution of the injunction. The test to be applied to the dissolution on bond is whether plaintiff will suffer irreparable injury by such dissolution, and in this case such injury might arise.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 178.*]

3. INJUNCTION (§ 175*) — DISSOLUTION — GROUNDS.

Where there are several defendants in injunction, and only one applies for the dissolution of the injunction, he will have to make a very good showing in order for the court to grant his prayer.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 175.*]

Appeal from Ninth Judicial District Court, Parish of East Carroll; F. X. Ransdell, Judge.

Action by Josephine Bradley and others against C. F. Davis and others. Judgment for plaintiffs, and defendant Davis appeals. Affirmed.

Davis, Webb & Browne and C. S. Wyly, for appellant. John B. Stone and R. V. Reeves, for appellees.

Motion to Dismiss—Not Timely Filed.

BREAUX, C. J. The three days within which the motion to dismiss should have been filed had elapsed at the date it was filed.

The motion is overruled.

On the Merits.

This is an appeal from a judgment rejecting the application of defendant C. F. Davis to have the injunction issued in this suit dissolved on bond.

Appellee opposed the application to dissolve the injunction on bond on the ground that it would work irreparable injury, an injury not compensable in money; that it would enable the applicant to dissolve the injunction on bond. The result would be to change the possession of the property from those in possession to the possession of the defendant in injunction.

The record discloses that the late Simon Wilkouski owned a large number of acres of land in East Carroll and in other localities.

Discussion arose among the heirs of the late Wilkouski and his late wife regarding their respective rights in the property of the estates of Wilkouski and wife.

The heirs entered into an agreement of compromise. The attorney and confidential adviser of these heirs, Mr. Clifton F. Davis, an attorney at law, was also a party to this agreement.

There are averments of record of his having in some way acquired an interest in the property.

He signed this agreement as a "trustee."

The plaintiffs, who oppose Davis' application to bond the property, are:

Mrs. Josephine Bradley, feme sole, widow of William Bradley; Mrs. Eugenia Semple, wife of James H. Semple, joined by her husband to authorize his wife; and Mrs. Pinkie Wilkouski, feme sole.

They sued their coheirs; they also sued C. F. Davis, charging them with conspiracy and fraud, with having entered into false and fraudulent contracts, and with having made statements and declarations to wrongfully and falsely induce them to sign certain deeds of conveyance and part with their property.

The petition is lengthy and contains a full narrative of all the charges of which they complain.

The notes which had been given by purchasers in these fraudulent transactions were placed in escrow with Judge J. M. Kennedy.

The plaintiffs named above, viz., Mrs. Bradley and others, prayed for judgment for a large amount in the first petition, and they asked for an injunction against A. Wilkouski and L. L. Wilkouski, their coheirs,

and against C. F. Davis, Frank James, and J. M. Kennedy, enjoining and prohibiting them from selling and disposing, or in any way canceling, collecting, paying, delivering, or entering satisfaction on these notes and mortgages.

Of the defendants, only C. F. Davis, made one of the defendants, appears, and alleges that plaintiffs do not allege and pray for damages; that they have no interest that would be prejudiced by the dissolution of the injunction on bond, and that under the allegations of plaintiffs' petition all the acts complained of, and which defendants are restrained from doing, are entirely compensable in money, and cannot cause irreparable injury to plaintiffs; and that defendant is entitled to have the injunction dissolved on bond.

We do not agree with the proposition urged by defendant and applicant to dissolve the injunction on furnishing bond.

There is a written agreement in evidence between Davis and James which gives rise to an inference of an intended sale and delivery that might be consummated, were the injunction dissolved on bond, and thus lose all possession.

Plaintiffs would have to bring suit to protect their interest. Besides, the situation might be entirely changed.

The test is irreparable injury vel non. State ex rel. Cotting v. Sommerville, Judge, 104 La. 74, 28 South. 977, citing State ex rel. Sigur v. Judge Nineteenth Judicial District Court, 33 La. Ann. 133; Goldstein v. Harris, 120 La. 747, 45 South. 593; White v. Cazenave, 14 La. Ann. 59.

There might be irreparable injury caused by the dissolution. Besides, one defendant only asks to dissolve on bond. Under the circumstances, one defendant must make a reasonable showing in order to obtain the dissolution of the injunction.

For reasons assigned, the judgment of the district court is affirmed.