Statement of the Case.
MONROE, J.
Plaintiff prosecutes this appeal from a judgment wherein the district court holds defendant and certain of its officers and employes guilty of contempt and, imposes fines upon them for having violated a writ of injunction by removing portions *1054 of the roadbed and rails, and thereby interfering with plaintiff’s possession of a certain “spur track,” and whereby the court denies its (plaintiff’s) prayer for a mandatory injunction ordering defendant to restore said track to the condition that it was in prior to said disturbance by defendant. The facts of the ease are as follows:
Plaintiff brought this suit in July, 1910, alleging that it had been in actual and undisturbed possession, with the consent of the owners, for more than two years, of the right of way over which its spur track is built, and had used said track as part of its interstate railway system; that about July 27th defendant took forcible possession of 1,800 feet of said track and removed the rails therefrom, was then detaining the same, thereby preventing plaintiff from operating its trains, and was threatening to remove additional rails; and that plaintiff had been, and would continue to be, damaged thereby; and it prayed for a prohibitory injunction against further trespass, and a mandatory injunction to compel defendant to restore the status quo, and for damages. The prohibitory injunction was issued preliminarily, “restraining and prohibiting said defendants [the defendant company and certain named officers and employes] from trespassing upon, or interfering with plaintiff’s possession of, its spur track, * * * and from operating trains or other vehicles over said track or right of way or any part thereof”; and defendant was ordered to show cause why the mandatory injunction should not issue as prayed for.
Defendants filed various exceptions and an answer, and counsel for plaintiff now make the statement, in the brief filed by them, and which does not appear to be denied, that:
“Under verbal agreements, not in the record, the track which had been removed was rebuilt by defendant and the prohibitory injunction remained in full force and effect,” etc:
In the meanwhile, defendant had brought a petitory action, praying to be decreed the owner of the strip of land in question, and that plaintiff be ordered to remove its tracks therefrom, and, as it was pressed to trial and brought by appeal to this court, plaintiff’s injunction suit was allowed to remain in abeyance, probably, to await the outcome of that litigation. The petitory action was disposed of in this court in January, 1912 (rehearing refused February 12, 1912), by a judgment in which it was held and decreed as follows:
“The judgment of the district court decrees the title to the strip of land in question to be in plaintiff; ‘that the injunction herein sued out * * * be maintained and perpetuated; and that the * * * railway company be ordered, within 20 days, to remove their spur track off of said strip of land * * * so as to leave the land unobstructed. * * * ’
“We have not been able to find any petition or order for or any writ of injunction in the record, and, for the reasons stated, are of opinion that there is error in the judgment referred to, in so far as it purports to enjoin the defendant from continuing to use its spur track and orders the removal of the same. It is therefore * * * decreed that the judgment appealed from be * * * reversed, in so far as it orders defendant to remove its spur track off the strip of land, * * * or otherwise interferes with defendant in the use of said strip, for the purposes of said spur track.” Webster Sand & Gravel Co. v. Vicksburg, S. & P. Railway Co., 129 La. 1096, 57 South. 529.
In May following the rendition of the above-quoted judgment, plaintiff filed a petition in this case, alleging:
“That the said F. H. Drake, president of said [defendant] company, did, on or about the 24th day of April, 1912, personally direct and cause * * * 458 feet 0f gteel rails and 233 feet of petitioner’s said branch or spur tracks to be removed, and did on said date, and has continuously since then, caused the crew of said company, operating a steam shovel, to excavate the grounds, or a portion thereof, on which said * * * spur track is constructed, and took * * * unlawful possession of petitioner’s right of way, off of which said track was removed, and has * *■ * converted to its own use said 458 feet of steel rails, * * * all in flagrant defiance and contempt of this honorable court, its orders ana writ of injunction,” etc.
And, agreeably to the prayer of the petition, the defendant company and its presi *1056 dent were ordered to show cause why they should not be punished for contempt and why a mandatory injunction should not issue commanding them forthwith to “restore said steel rails and- restore said spur tracks to the condition that they were in prior to said trespass.”
The transcript shows that, when the rule came on to be heard, it was discontinued, at the instance of plaintiff, on defendant’s paying costs, and it is alleged, and apparently conceded, that the reason for the action so taken was that defendant’s president appeared in court and stated that the acts complained of were done inadvertently, and agreed to repair the resulting damage and abstain from further trespass.
Thereafter, however, on August 1st, plaintiff filed the petition and rule, from the judgment on which this appeal is taken, and wherein it alleges: That the defendant company, E. H. Drake, its president, and L. H. Blackman, its foreman—
•‘did, on or about the 1st day of July, 1912, * * * beginning 300 yards from the washing plant of said * * * company, excavate and remove more than 8,000 cubic yards of petitioner’s right of way, which said excavations extended for a distance of more than 290 feet, and excavated from each side of said right of way, leaving a narrow and insecure strip of said right of way, with said excavation or cut on each side, for more than 290 feet, at least 13 feet deep, and undermined'more than 65 feet of petitioner’s railroad track, used as a siding, and caused said track to fall to the bottom of said excavation for want of support, where the same now lies, totally and wholly destroyed, and on the opposite side of said right of -way made a similar excavation or cut and undermined petitioner’s main line track so as to cause the earth to cave and render the same insecure for the operation of trains over the same; and, on account of said trespass and excavation of its right of way and caving from underneath its main line track, it is impossible to operate even the lightest train over the same; and, in addition to the above alleged acts of-trespass, said company, Drake, and Blackman excavated and removed dirt and gravel from petitioner’s right of way up to the ends of the cross-ties on its other side track for a distance of fully 294 feet, which said cut or excavation is fully 13 feet in depth, and caused a wall, almost perpendicular, 13 feet high, up to the ties of said track, which renders the same wholly insecure and unsafe to operate trains or locomotives over; * * * the above alleged trespass having begun on or about the 1st day of July, 1912, and continued for each and every day up to the 21st day of i July, 1912. Petitioner further shows that said * . * * company and E. H. Drake have operated trains over petitioner’s said tracks and right of way during every week since the issuance and service of said writ of injunction.”
Plaintiff prayed that the defendant company, its said president and foreman, be required to show cause why they should not be “ordered forthwith to rebuild said destroyed track, refill the excavation, and restore said tracks' and right of way to their condition prior to said alleged trespass,” and further to show cause why they should not be fined and imprisoned; and the order nisi was so made. After a full hearing upon the facts and law, as presented by the parties', the court a qua gave judgment as follows:
“That-the respondents Webster Land, Gravel & Construction Company be and are hereby adjudged in contempt of this court, and are each ordered to pay a fine of $1 and all costs of this suit; the judgment for costs being a solidary judgment, except the costs incurred on the rule against respondent L. H. Blackman, which are taxed against relator; said L. H. Blackman being hereby dismissed, and the rule as to him being discharged. All other demands of relator are rejected.
“It is further ordered and decreed that the rights of the plaintiff, if any it, has, to sue for damages, be and are hereby specially reserved.”
Plaintiff, as we have stated, prosecutes the appeal.
On Motion to Dismiss Appeal.
The defendant company and E. H. Drake, appellees, move to dismiss the appeal on the grounds: (i) That the transcript is incomplete, the testimony having been so inaccurately transcribed as to be unintelligible; (2) that, the judgment being interlocutory and not final, and the injury thereby inflicted not being irreparable, no appeal lies; (3) that no appeal lies from a judgment on a rule for contempt.
*1058 [1] 1. The clerk certifies to the correctness of so much of the transcript as contains the pleadings and documentary evidence, and with that there appears to be no cause of complaint. With regard to the oral testimony, the stenographer certifies that:
“The above * * * 60 pages of evidence compose, to the best of my ability, a true and correct transcript of my shorthand notes,” etc.
The work of the reporter leaves much to be desired; but, as there is nothing to show that plaintiff is any more responsible for its imperfections than defendants, the appeal will not be dismissed on that account.
[2] 2. The whole purpose of this suit is to protect plaintiff in its possession and alleged right of possession of immovable property, and the purpose of the preliminary injunction was to preserve the status quo until the question whether such right existed could be decided. That question was decided by this court in the petitory action, and yet, notwithstanding that it was there held, contradictorily with the defendant, that plaintiff has the right to maintain and use its tracks on the land in question, and notwithstanding the injunction of the district court, prohibiting defendant and its officers from interfering with the enjoyment of such right, they (defendant and its officers) have so interfered and have actually dispossessed plaintiff by removing a portion of its roadbed and rails; and, by the judgment appealed from, the district court declines to order them to restore what they have removed.
The Code of Practice (article 298) provides that:
“The injunction must be granted: * * * (5) When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a retd right, of which he claims either the ownership, the possession, or the enjoyment.”
And it is well settled that “in such case the judge to whom the application is made is without discretion in the matter and must grant the writ upon the petitioner’s complying with the prescribed conditions.” Beebe v. Guinault, 29 La. Ann. 795; Slaughter House Co. v. Larrieux, 30 La. Ann. 799; State ex rel. Behan v. Judge, 32 La. Ann. 1276; State ex rel. Gaynor v. Judge, 38 La. Ann. 924; Lewis v. D’Albor, 116 La. 684, 41 South. 31. It is equally well settled that an appeal will lie in such case from any order of court dissolving an injunction once issued, whether on bond or otherwise, since the effect of the dissolution would be to change the possession of immovable property, and the injury, in contemplation of the law, would be irreparable. Marion v. Johnson, 22 La. Ann. 512; Boedicker v. East, 24 La. Ann. 154; State ex rel. Sigur v. Judge, 33 La. Ann. 133; Torres v. Falgoust, 33 La. Ann. 560; Sheridan v. Reese, 121 La. 227, 46 South. 218; Bradley v. Davis, 127 La. 371, 53 South. 653.
[3] If, then, an appeal will lie from an order of court dissolving an injunction, even though a bond be required to protect the plaintiff in the writ, a fortiori' will it lie when the injunction is, in effect, dissolved by the illegal act of the defendant in defying or disregarding it, and the court by which it was issued dismisses plaintiff’s application to restore the status quo. Again, the question presented to the court a qua in this case was whether the plaintiff should be afforded immediate relief against an invasion of its right of possession, which right was secured by the prohibitory injunction issued by that court and by a final judgment of this court; and the judgment of the court a qua, to the effect that plaintiff was not entitled to such immediate relief, was final upon that question, and for that reason also the appeal lies. McDonogh v. Calloway, 7 Rob. 442.
[4] 3. Whether defendants should be punished for the contempt shown the court *1060 whose order they disregarded concerned the court in the matter of the maintenance of its dignity and authority; but, whether by coercive or punitory measures, they should be compelled to obey that order, issued by a competent court for the preservation of a civil right asserted by plaintiff, concerns the plaintiff, and the action of the trial court upon that question is subject to review in this court on appeal, since there is a civil right involved and a value in dispute exceeding $2,000, exclusive of interest. The motion to dismiss the appeal is therefore overruled.