DAWKINS, J.
On January 16,1919, the applicant herein petitioned the lower court for the appointment of a receiver for the Uncle Sam Planting & Manufacturing Company, alleging that he was an officer, director, and stockholder therein; that the other stockholders and officers had refused to recognize his rights as such, and had denied him any voice in the company’s affairs; that he had protested and made demand upon them to be allowed access to the books and papers of the corporation, which had been refused, and which, together with other illegal acts of defendants, constituted mismanagement justifying the appointment of a receiver to take charge of its affairs. Further, that the defendants had arrogated unto themselves the exclusive right to manage and control the company’s business, and for two years had done so, without giving petitioner any notice of their acts and doings, notwithstanding his protest and demand that he be recognized as a stockholder, director, and officer of the corporation, and that defendants were thereby jeopardizing his rights and causing him irreparable injury. He further alleged that the defendants had willfully wasted the funds of the corporation by denying the ownership of a certain mortgage creditor of a note due by the corporation, and in forcing the said creditor to issue executory process against the real property of the corporation, thereby incurring useless expense in the shape of attorney’s fees, costs, etc., to the extent of more than $4,000.
A rule nisi was issued upon said petition, directed to the defendants and made returnable on February 3, 1919. On that day the matter came up for hearing, and the same was continued at the instance of the petitioner, because of certain litigation between the same parties then pending before this court. We are further informed by the judge’s answer that some time after the litigation in this court became final, the present plaintiff or applicant, Reynaud, applied to \ the court below, and obtained an order refixing the hearing on the petition for the receiver for June 17, 1919.
In the meantime, on May 26, 1919, defendants had filed a suit against plaintiff to annul the transfer of certain stock in the Uncle Sam Planting & Manufacturing Company, on the grounds of fraud, duress, want of capacity to deal with the subject-matter, with various other charges, and .obtained from the lower court a writ of injunction, “temporarily restraining until the trial of this case [the suit to annul] the said Reynaud from disposing of said stock, or otherwise exercising acts of ownership of same during the pendency of this suit.”
When the application for receiver was called up by Reynaud’s counsel on June 17th, in lieu of filing a return thereto, defendants’ counsel filed a motion, suggesting the pend-ency of the suit to annul the stock transaction, and that the injunction issued therein was still in force, and had the effect of restraining any further proceedings in the matter of the application for receiver. The lower court sustained this contention, because of its professed inability to understand the effect of the decision in the case of Jacobs v. Uncle Sam Planting & Manufacturing Co. et al., No. 22897, 144 La. 1006, 81 South. 604. A reading of the opinion in that case will disclose that we recited and quoted the *403 pleadings and. proceedings somewhat at length, for the purpose of showing the nature ■of the litigation, and to confirm the conclusion, which we finally reached, that the transaction by which Reynaud received the stock was a real one, not void, but voidable in a •direct action to annul the transfer, if the facts and circumstances which might develop in such a trial should so warrant, but that such issues could not be litigated in an •opposition to a receiver’s final account in which he had appeared in his official capacity alone. It will also be noted that the opinion proper, that is, the portion which deals with the legal issues before the court, is devoted exclusively to the question of improper cumu-lation of actions and parties, and reserves to the defendants the right to prosecute a ■direct action to determine the validity of the stock transaction. That conclusion has undoubtedly become the law of the case.
Opinion,
The question presented here is whether •or not a judge may, in an independent proceeding, i. e., a suit between litigants to test the validity of a transfer of stock in a corporation, restrain one in whose name the stock stands on the books of the company from prosecuting an application for a receiver for the same corporation in another •case, where the same was filed prior to the institution of the action in nullity.
In the one case, the matter is an ordinary •suit in which the defendant may or may not be decreed the owner of the stock; whereas the other is a summary proceeding in which, if the complaint is well founded, and it be ultimately determined that a receiver should be appointed, all of the injuries, present and future, which the receivership is intended to prevent will have been accomplished, and substantial rights, if such exist, jeopardized, while the ordinary suit is taking its regular course through the courts. On the other hand, if, on hearing of the application, it be found that the complaint is without merit, the receivership will be denied, or, if as a result of the litigation over the stock the defendant’s title thereto is annulled, the property and affairs of the corporation will have been administered- (should a receiver be appointed) under the eye of the court, through its officer, with no more injury than the costs which such a proceeding may entail, with full liberty to all concerned to resort to the courts for the redress of such grievances as may arise.
Again, the right to enter the courts for the purpose of demanding that which a citizen contends is due him cannot be prohibited by injunction. However unfounded his claims may be, the courts are open to him, and he is entitled to have them passed upon in the regular course of judicial proceeding. Constitution 1898, art 10; Lewis v. D’Albor, 116 La. 682, 41 South. 31. We see no reason why the defendants in the application for receiver may not raise such issues as they may be legally entitled to, and the lower court, as well as this court, will pass upon the same when they are reached.
For the reasons assigned, it is ordered that a peremptory writ of mandamus do issue, commanding the said Philip H. Gilbert, judge of the Twenty-Seventh district court for the parish of St. James, to proceed with the hearing of the application for a receiver of the Uncle Sam Planting & Manufacturing Company, according to law and the views herein expressed.