On the Merits.
[2] The case presented by this record is somewhat unusual. Inasmuch as the lower judge gave no written reasons for his finding on the rule for contempt, we, of course, are not informed as to whether he based his conclusion upon the validity of the ordinance which was attacked in the injunction proceeding, or upon the theory that respondent was not a party to the suit and therefore without legal notice or service of the writ sufficient to render him answerable for contempt for its violation. The writ was undoubtedly in full force and effect when the act complained of on the part of respondent was committed, for this court had, on the application of plaintiff (141 La. 370, 75 South. 83), directed a suspensive appeal from the order dissolving it, and which appeal had been granted and perfected. The record also shows conclusively that the writ was violated by respondent in rule, in that plaintiff was arrested and charged with violation of the ordinance in question, and his musicians were prevented from further performances in which they were engaged at the time. In such circumstances, to hold that this court cannot review the action of the court below, for the purpose of determining the correctness of the finding discharging respondent for contempt, would be to nullify the mandate ordering the suspensive appeal, if such finding were manifestly wrong. In other words, the order’ of suspensive appeal was not only a decree of the lower court which the law itself gave the effect of maintaining matters in statu quo, in so far as the dissolution of the injunction was concerned, but it was reinforced by the mandate of this court in effect directing that the injunction be held intact until the appeal was passed upon by us.
[3] In ordinary cases of contempt for indignities toward or violations of orders and decrees of inferior courts, we have confined ourselves to a determination of the jurisdiction and powers of such courts in dealing with the matters in hand, and have declined to review the facts and circumstances out of which such proceedings arose, when once we found that the exercise of jurisdiction was proper; but, in cases where substantial property rights were affected and likely to be destroyed or injured by the failure of the lower courts to enforce remedial writs for their protection, we have inquired into the .correctness of the findings in contempt proceedings for the purpose of enforcing obedience to such decrees or orders, where, in our judgment, the conditions required it to preserve the' status until the rights of the parties could be regularly passed upon. V. S. & P. Ry. Co. v. Webster Sand & Gravel Co., 132 La. 1051, 62 South. 140, 47 L. R. A. (N. S.) 1155.
[4, 5] If the allegations of the petition for injunction are taken as true, as must be done *149 in determining the right to the writ, the action of the police authorities sought to be enjoined was calculated to inflict a serious financial loss, and thereby to impair a valuable property right, and plaintiff was entitled to have the status remain undisturbed pending a trial on the merits. It cannot be, in granting injunctive relief in a matter of this sort, that it is necessary to make every member of the police department a party defendant, in order that they may be held responsible for a violation of such a writ. In such cases the writ runs against the office, and embraces all who are charged with the execution of its functions and the official acts sought to be prohibited, whether by the present incumbent or others \yho may succeed to such duties; and they are guilty of contempt if they have knowledge of the existence of such writ. High on Injunctions (4th Ed.) vol. 2, p. 1453, § 1443. Otherwise, by the mere changing or shifting of individuals, such writs could be violated with impunity and the court’s orders rendered nugatory. The case is quite different from one in which private individuals have been enjoined from doing private acts, and in which it has been held that only those made parties defendant and served with process were liable for violation of a writ.
[6] Thfe respondent inspector admits that he was informed by the counsel for plaintiff of the existence of the injunction, but says that he cannot take notice of such information, because if he did the work of his office would be seriously handicapped by the many assertions and contentions of counsel for accused persons with whom his department deals. This is doubtless true in ordinary cases. However, in the instant case the existence of the writ, held in force by the suspensive appeal, was a matter of public record, which could easily have been verified by applying either to the civil district court or by communicating with the counsel for the city.
[7] In view of the fact that we cannot tell .from the record whether the respondent was acquitted of contempt on the ground of his good faith or upon the theory that the ordinance was valid, because of the expressions contained in the case of Tranchina v. City of New Orleans, 141 La. 788, 75 South. 683, and in view of the further fact that the plaintiff in injunction permitted the case to remain on the docket without insisting upon a trial on the merits until those connected with the matter had.doubtless forgotten about it, we conclude, in this instance, not to disturb the finding of the lower court on the issue of contempt as to this respondent. However, we think that the lower court should see to it that the injunction is not violated in the future, and that the status is held intact until the case is tried on its merits.
For the reasons assigned, the judgment appealed from is affirmed, with instructions, to the lower court to enforce the injunction pending trial on the merits; appellee to pay costs of this proceeding.
O’NIELL, J., concurs in the decree.
■ PRO YO STY, J., dissents.