PRO VO STY, J.
[1-3] On receiving notice to vacate the leased premises, the plaintiff company enjoined the defendant, its-lessors, from instituting eviction proceedings or from *727 attempting eviction in any other unlawful manner, or by any other means. As plaintiff does not pretend to have had reason to apprehend, or to have in fact apprehended, that eviction would be attempted in any other manner than by judicial proceedings, the injunction was aimed solely ,at the latter. It was granted inadvertently, for nothing is better settled than that injunction will not lie to prevent the bringing of a suit (Le Blanc v. New Orleans, 138 La. 243, and long list of cases at page 267, 70 South. 212, at pages 220 and 221; Reynaud v. Uncle Sam Co., 146 La. 400, 83 South. 688), and was accordingly promptly dissolved. Plaintiff should have desisted from further prosecution of this suit, but, instead of so doing, appealed. The appeal was manifestly frivolous, and damages as for frivolous appeal nfust be awarded to defendant. Usually in such cases the allowance is 10 per cent, on the amount involved. Nothing showing, however, by how much the amount involved in this case exceeds the lower'limit of the jurisdiction of this court, $2,000, we will adopt that figure as the basis of computation and fix the damages, at $200. If that allowance falls short of the expenses and losses which the appeal has caused defendant, the latter have but themselves to blame for not having furnished proof of a higher basis for computation of the damages.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, and that the defendants, Irma Buie and the C. C. Cordill Investment Company, have judgment against Schumert-Warfield-Buja, Incorporated, in the sum of $200, with legal interest thereon from this date, and that the plaintiffs pay the costs of this suit.
O’NIELL, J., dissents from that part of the decree allowing damages for frivolous appeal, and otherwise concurs.