MILLER, Judge.
Adam Landreneaux petitioned for a writ of mandamus to order the Evangeline Parish Police Jury to remove two cattleguards so that cattle belonging to him and to “others similarly situated” could graze along the public road and on all unfenced land along this road. The trial court sustained defendant’s exception of no cause of action holding that the writ of mandamus can not be used to order the police jury to perform an act which addresses itself to the discretion of the public body. Landreneaux appealed. We affirm.
Plaintiff has not alleged an abuse of discretion or that the placing or removal of cattleguards is a purely ministerial duty of the police jury. Landreneaux only contended that the placement of the two cattle-guards gave an unfair grazing advantage to those whose cattle are between the two cat-tleguards, and the placement constituted a burden on motorists without providing benefits to the parish.
As we held in the case of Deville v. City of Oakdale, 180 So.2d SS6, at SS8 (La.App. 3 Cir. 1965):
“ * * * a reading of LSA-C.C.P. Articles 3861-3863 shows that a writ of mandamus may be issued directing a public officer or corporation to perform a ‘ministerial duty required by law’. Our jurisprudence is established that mandamus lies only to compel the performance of purely ministerial duties, or to correct an arbitrary abuse of discretion, and that it will not be issued in doubtful cases.” (Citations omitted.)
The extraordinary writ of mandamus will not lie because the action sought to be required of defendant is not merely ministerial, but involves significant use of judgment and discretion.
The cases cited by plaintiff-appellent [(McDonogh v. Calloway, 7 Rob. 442 (1844); Vicksburg, S. & P. Ry. Co. v. Webster Sand, Gravel & Construction Co., 132 La. 1051, 62 So. 140 (1913); and Louisiana Materials Co. v. Cronvich, 236 So.2d 510 (La.App. 4 Cir. 1970)] are distinguished for the reason that the writ of mandamus was not at issue.
The trial court judgment is affirmed. Costs of this appeal are assessed against plaintiff appellant.
Affirmed.