WARD, Judge.
This is an appeal from a judgment denying a preliminary injunction. Julian L. Steinberg and his sisters, Charlotte Stein-berg Gottesman and Jacqueline Steinberg Hochberg (“the Steinbergs”), sought to enjoin Emile Meyers, Sr. and Emile Meyers, Jr. from obstructing or otherwise interfering with the navigation of an unnamed canal which leads to a tract of land the Steinbergs own in Plaquemines Parish. The Steinbergs alleged that their land is accessible only by watercraft using the canal and that the Meyers blocked the entrance to the canal by placing a cable across it. After a hearing, the Trial Judge denied a preliminary injunction because he found the Steinbergs had not made a pri-ma facie showing of irreparable harm.
The Steinbergs appeal, contending that the Meyers have no right to obstruct a navigable waterway or drainage canal and furthermore, that proof of irreparable harm is not required for the issuance of an injunction compelling removal of an obstruction of a navigable waterway or to prevent disturbance of possession of immovable property. We affirm the Trial Court judgment.
The testimony and maps introduced as evidence at the hearing show that the disputed canal runs between lots 16 and 17 of the Fanny-Belaire Subdivision from the Fanny Canal, a waterway which is dedicated for public use, back to the Forty Arpent Canal which forms the boundary of the Steinberg property. The canal is three to four feet deep and twenty to thirty feet wide. For at least forty years the canal has been regularly traveled by hunters and trappers and others who use the Stein-bergs’ land. The evidence further showed that the canal is not the only access to the *363 Steinberg tract, but it may be the most convenient.
In June of 1984, the Meyers placed a chain or cable across the canal at its intersection with the Fanny Canal and made it known that no one was to use the canal. Testimony at the hearing showed that the obstruction blocked navigation but did not prevent drainage through the canal. The Meyers alleged in a reconventional demand and in their brief to this court that the canal is completely within their private property and was constructed with private funds, arguing that it is private in fact and in law. However, since the hearing was merely one on a preliminary injunction, no evidence was presented regarding ownership of the canal or of the abutting property or regarding when or by whom the canal was built, and consequently those issues are not before us on appeal.
In support of their position, the Stein-bergs rely upon La.R.S. 14:97, which makes it a crime to intentionally obstruct movement on a navigable waterway, and upon the Reporter’s Comment to that statute which cites Allard v. Lobau, 2 Mart, (n.s.) 317 (1824) in which it was noted that the criminal provision does not prevent an individual from bringing civil suit for the removal of obstructions.
We have no quarrel with the Steinbergs’ reliance on these authorities, but since they chose to file suit for an injunction, they must satisfy the statutory requirements for that remedy. Article 3601 of the Code of Civil Procedure states in its opening sentence: “An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law .... ”
The Trial Judge found, and we agree, that mere inconvenience and not irreparable injury, loss, or damage resulted from the Meyers’ obstructing the canal. Hence, in order to enjoin the obstruction the Stein-bergs must show that theirs is, in the words of Article 3601, “another case specifically provided by law”.
To that end, the Steinbergs now contend that their case is one governed by the jurisprudential rule interpreting Civil Procedure Article 3663 which makes injunc-tive relief available without a showing of irreparable damage by plaintiffs in posses-sory actions and by persons disturbed in possession of immovable property or real rights which they or their ancestors in title had for more than a year. Red River, Atchafalaya and Bayou Boeuf Levee District v. Noles, 406 So.2d 294 (La.App. 3rd Cir.1981).
We find the Steinbergs’ reliance on these authorities misplaced. The Stein-bergs’ action was not a possessory action, nor did they allege facts enabling them to bring such an action. The right to bring a possessory action provided by La. C.C.P. arts. 3655 et seq. is conditioned upon possession of immovable property or of a real right. Possession sufficient to bring a pos-sessory action is the same as that required by La.C.C. art. 3424 for acquisitive prescription—a strict standard requiring corporeal possession and intent to possess as owner. Todd v. State, through Department of Natural Resources, 456 So.2d 1340 (La.1983). The Steinbergs do not allege that they possess the canal which the Meyers blocked, and they only vaguely suggest that they might possess some real right in it.
The Steinbergs contend that the holdings in McDonogh v. Calloway, 7 Rob. 442 (1844); Discon v. Saray, Inc., 262 La. 997, 265 So.2d 765 (1972), and D’Albora v. Garcia, 144 So.2d 911 (La.App. 4th Cir.1962), support the issuance of a preliminary injunction in this ease. Our examination of these cases reveals significant distinctions. In McDonogh, the Court ordered an injunction after finding the defendant had obstructed plaintiff’s sole means of access to his property, resulting in “injury ... of so grave a character, as that it may become irreparable by longer delay.” [emphasis added] 7 Rob. at 444. Thus, the Trial Court made a finding of fact of irreparable harm; quite different from this case where the Trial Court’s finding was “no irrepara *364 ble harm.” In Discon, the waterway which had been blocked was alleged to be a dedicated right-of-way as well as the object of a conventional servitude. In this case, there are no similar allegations. Finally, in D’Al-bora, this Court found an injunction was warranted because the obstructed canal provided the plaintiffs only access to Lake Pontchartrain, while as previously noted, the Steinbergs have other access to their property.
The issuance of a preliminary injunction is a matter within the sound discretion of the Trial Court, and we find no abuse of discretion in this case. Nonetheless, as the Trial Court noted, its denial of the preliminary injunction is merely an interlocutory ruling. The parties may still proceed to a trial on the merits at which additional evidence may be presented and the claims raised by the Meyers’ reconven-tional demand will be heard.
AFFIRMED AND REMANDED.