*HILL, USE OF WILLIAMS, vs. TESSIER.*

APPEAL from the court of the third district.

Hill use of
Williams
vs.
Tessier.

PORTER, J. delivered the opinion of the court. The petitioner avers that he entered into a contract with the police jury of Baton Rouge, for the erection of a house for the jailer of said parish, that the contract has been faithfully performed by him, but that they refuse payment.

Corporations can only sue & be sued by the name given by the act of incorporation.

He states that the defendant is parish judge of the parish, president of the police jury, and treasurer, and that in these capacities he is liable to be sued on this contract.

The answer contains an averment, that from the facts set forth in the petition the defendant is in no way responsible to the plaintiff; an allegation that the suit should have been brought against the police jury *eo nomine*; a general denial; and a plea that the work was not executed according to contract.

The cause was twice tried in the inferior court, and each time the jury found for the defendant.

The first question is, on the exception to the plaintiff's right to maintain this action.

East'n District.
June, 1824.

HILL, USE OF
WILLIAMS
vs.
TESSIER.

As the right to sue a police jury is not given by any positive law of this state, we must seek for the authority to do so, and the mode of conducting the suit, in the general rules applicable to corporations.

One of these is, their suing and being sued in their corporate name, unless the statute creating them prescribes a different form of action. We consider this rule as unbending, as that of sueing a natural person by his name. Our code recognises the principle in the most explicit manner, " corporations must not only be authorised by the legislature, but a name must be given to them, and it is *by that name they must sue and be sued,*" Civ. Code, 88, *art.* 6. Such has already been the determination of this court. 7 *Martin,* 17.

The form, resorted to in the case before us, has proceeded from an erroneous construction of the 12th article of the code, in the page already cited. That article merely provides how a demand is to be made, but has no relation to the manner in which suit should be instituted against a corporate body.

It is therefore ordered, adjudged and decreed, that there be judgment against the

plaintiff, as in case of non-suit, with costs in both courts.

HILL, USE OF
WILLIAMS.
*vs.*
TESSIER.

*Preston* for the plaintiff, *Dennis* for the defendant.