59 So.2d 829

**MARRERO LAND & IMPROVEMENT ASS'N, Limited, v. DUPLANTIS et al.**

No. 40741.

June 2, 1952.

Louis H. Marrero, III, New Orleans, for plaintiff-appellant.

McDonald & Buchler, Metairie, Patrick E. Carr, New Orleans, John C. Boutall and Nestor C. Currault, Jr., Gretna, for defendant-appellee.

HAMITER, Justice.

The Marrero Land & Improvement Association, Ltd., a Louisiana corporation domiciled in Jefferson Parish and plaintiff herein seeking injunctive relief to prevent interference with the use of its private property, is appealing from a judgment maintaining exceptions of no right and no cause of action and dismissing this suit.

The factual allegations of the petition and the annexed documents, which govern in determining the exceptions, disclose that continuously for many years plaintiff enjoyed quiet and peaceful possession as owner of certain lands situated within the City of Westwego in Jefferson Parish. However, in the latter part of 1951 T. L. James & Company, Inc., acting under a contract had with the City of Westwego and in accordance with the instructions of the officials and engineers of such mu-

nicipality, disturbed that possession by constructing several large drainage canals across portions of the property.

When T. L. James & Company, Inc., failed to comply with a demand by plaintiff to refill the canals, the latter engaged one Tony Taulli to perform the refilling operation. But shortly after Taulli commenced work he was arrested by City Marshal Jacob Gregory, as directed by Westwego's Mayor and City Attorney, and was incarcerated in the Parish Jail at Gretna, charged with the crime of damaging public property. On his release from jail Taulli was informed by the said Marshal that if he continued with his work he would again be arrested and incarcerated.

Concluding its petition plaintiff prayed for a temporary restraining order, a preliminary injunction, and finally a permanent injunction against the City of Westwego's mayor, aldermen, engineers, and attorney (each in his official capacity was named), restraining and prohibiting them from interfering with the refilling of the canals by plaintiff under its agreement with Taulli, and also enjoining those defendants from further trespassing upon and digging canals across plaintiff's lands.

The temporary restraining order issued in accordance with plaintiff's prayer. But the court later, in connection with the rule for the preliminary injunction, sustained exceptions of no right and no cause of action filed by the mentioned city officials and dismissed the suit. It was from this ruling that the instant appeal was taken.

The sustained exceptions do not set forth the specific contention on which they are predicated; they merely recite that the petition of plaintiff discloses no right or cause of action against defendants. Nevertheless, the briefs and oral arguments of counsel make it clear that the exceptions are levelled at plaintiff's failure to designate as a defendant, and to sue as an entity and in its corporate name, the City of Westwego. Thus, in their brief, counsel for defendants state:

"The only right or cause of action which plaintiff might have would be against the City of Westwego since plaintiff knew that the City had an official contract for the digging of the canals. However, in order to successfully enjoin the City of Westwego it would have to be sued in its official name, which plaintiff has not done."

Plaintiff, according to the showing made in its petition and annexed documents, is entitled to injunctive relief, for it has experienced interference with the actual possession of its lands, which was enjoyed for more than one year, and a continuation of the disturbance is threatened. "The injunction must be granted, and directed against the defendant himself, in the following cases: * * * 5. When the defendant disturbs the plaintiff in the actual and real possession which such

plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment. * *" Code of Practice, Article 298. Furthermore, it appears that the defendant city officials are proper parties to this cause, for allegedly all of them contributed to the injurious disturbance and interference, a continuation of which is here sought to be prevented. "The proper party against whom to bring a suit to prevent the doing of an injurious act is the person who, except for the suit, would do the act." City of Gretna v. Bailey, Secretary of State, 140 La. 363, 72 So. 996, 998. Therefore, since plaintiff, under its pleadings, is entitled to injunctive relief, and the present defendants are proper parties, it must be held that the petition states both a right and a cause of action against exceptors.

Of course, it may be that the corporate entity known as the City of Westwego is an indispensable party to this suit, as exceptors so contend. Whether it is or not is a question not ordinarily presented and determined under the exceptions of no right and no cause of action. It is raised usually in limine by the special plea of non-joinder; although occasionally, even during a consideration of the merits, the court of its own motion takes cognizance of the absence of necessary parties and refuses to proceed further with the case until they are joined. Jamison v. Superior Oil Company, 220 La. 923, 57

So.2d 896. But be that as it may we cannot conclude at the present stage of this proceeding that the joining of the City of Westwego as a defendant herein is absolutely essential, for plaintiff's pleadings, which alone are before us now, do not disclose that any property or other rights of such City will be affected by the decree sought. True, the digging of the complained of canals, as exceptors point out, was performed under a contract between the City and T. L. James & Company, Inc. However, plaintiff is not seeking here an annulment of that agreement. It could well be, in fact, that such contract already has been fully carried out.

Should it later develop in the course of this litigation that property or other rights of the City of Westwego are involved, the court then can order plaintiff to cite the municipality as a party defendant on pain of having the suit dismissed. But unless and until such a situation becomes apparent plaintiff, in our opinion, is entitled to prosecute its demands against these exceptors without joining the city.

Clearly inapplicable here is Hill, Use of Williams v. Tessier, 2 Mart. (N.S.) 539, cited and relied on by exceptors. The action there, unlike the present proceedings, was on a contract. The court correctly held that the suit should have been brought against the Police Jury of Baton Rouge eo nomine, it having entered into the contract with plaintiff.

For the reasons assigned the judgment appealed from is reversed and set aside, the exceptions of no right and no cause of action are overruled, and it is now ordered that the case be remanded to the district court for further proceedings according to law. The defendants shall pay the costs of this appeal, and all other costs shall await the final determination of the litigation.