258 So.2d 145 (1972)
Dennis R. WHALEN
v.
Reginald R. BRINKMANN, Jr.
No. 8671.
Court of Appeal of Louisiana, First Circuit.
January 31, 1972.
*146 Ralph Brewer, Baton Rouge, for appellant.
David M. Ellison, Jr. (Ellison & Gary), Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN, and ELLIS, JJ.
ELLIS, Judge:
Plaintiff Dennis R. Whalen, an attorney at law, obtained a judgment against defendant Reginald R. Brinkmann, Jr., in the amount of $3,150.00, which judgment is now final. Subsequently, he caused a writ of fieri facias to issue for the seizure and sale of defendant's right, title, interest and claim of certain ceramic art objects. The sale was fixed for May 26, 1971, but on that day, defendant filed a rule for an injunction, and obtained a temporary restraining order halting the sale. After the hearing for the preliminary injunction, the temporary restraining order was dissolved and the preliminary injunction denied. Presumably, the art objects remain under seizure by the Sheriff of East Baton Rouge Parish.
Thereafter, defendant filed a second petition for a writ of injunction to prohibit plaintiff and the Sheriff of East Baton Rouge Parish from selling the said art objects. The grounds alleged in the motion are identical to those alleged in the first motion, and read as follows:
"a. Said seizure violates the provisions of LRS 13:3864, which provides "When the rights and interests of a litigant in a pending lawsuit are seized, the seizing creditor shall not interfere with the progress of the suit nor thereby acquire control of the action nor be permitted to sell these rights and interests under the seizure except as provided in R.S. 13:3863 through 13:3867.
"b. The rights of defendant in and to the above described property are presently being litigated in suit entitled "Mrs. Virginia H. Brinkmann versus Reginald R. Bringmann, Jr.", No. 132,234 on the Docket of the 19th Judicial District Court, within and for the Parish of East Baton Rouge, Louisiana. Plaintiff, being an attorney at law, actively practicing within said judicial district cannot seize and/or sell said rights as the same would constitute a violation of Article 2447 of the Louisiana Civil Code."
To the motion, plaintiff filed peremptory exceptions of res judicata and no cause of action. After trial was held, which was apparently limited to argument on the verified pleadings only, the trial court ordered the exceptions overruled, and signed a judgment making the rule absolute and ordering "that a preliminary writ of injunction issue herein, as prayed for, upon the plaintiff furnishing bond, according to law, in the sum of $500.00."
From that judgment, plaintiff has appealed, complaining of the failure of the trial judge to maintain his exceptions, and of the issuance of the preliminary injunction.
The exception of res judicata is without merit. A judgment granting or denying a preliminary injunction is an interlocutory judgment, and cannot acquire *147 the authority of the thing adjudged. It therefore cannot form the basis for a plea of res judicata. Article 3556(31).
The exception of no cause of action is twofold. Plaintiff denies the applicability of R.S. 13:3864, quoted above. He claims that he did not seize a litigious right, but rather the art objects themselves. He claims that the fact that the ownership of the art objects may be the subject of litigation cannot affect his right to the seizure and sale thereof. He further denies that Article 2447 of the Civil Code applies to this situation. That article reads as follows:
"Public officers connected with courts of justice, such as judges, advocates, attorneys, clerks and sheriffs, can not purchase litigious rights, which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity, and of having to defray all costs, damages and interest."
Plaintiff is correct in his latter contention, at least at this stage of the proceedings. Assuming that the thing seized is a litigious right, there is nothing in Article 2447 that prohibits any action relative thereto by plaintiff other than its purchase. He can not be prohibited by that article from having the property seized and offered for sale in order to satisfy his judgment.
A different question is presented as to the effect of R.S. 13:3864. Plaintiff seized, according to the petition, "all of the right, title, interest and claim of defendant" in certain objects of art. Defendant takes the position that, since the extent of his interest in the property is at issue in the lawsuit named by him, the seizure of the property falls within the purview of that section. Plaintiff claims that the "rights and interests" referred to in R.S. 13:3864 are incorporeal or abstract rights or causes of action, rather than interest in or right to specific property.
In other words, we are asked to draw a distinction between the seizure of an interest in a lawsuit concerning ownership of an object and the seizure of an interest in the object of the lawsuit. This would appear to be an attempt to do in one guise what the law forbids in another. We think R.S. 13:3864, which was originally Act 85 of 1928, was enacted not only to permit litigants to pursue their causes of action without interference from their creditors, but also to prevent judicial sales of indeterminate interests in property of any description. We therefore find that defendant has stated a cause of action in the latter respect.
On the merits, plaintiff points out that defendant failed to allege irreparable injury in his motion, and that he offered absolutely no evidence in support of the allegations thereof. He further complains that the affidavit to the motion is not sufficient to meet the requirements of the law.
The petition for the writ of injunction is verified by the affidavit of defendant's counsel. Plaintiff has not cited to us any law which requires more, and we know of none. Neither is it necessary to allege or prove irreparable injury when defendant seeks the injunction on the ground that plaintiff is pursuing a course of action which is reprobated by law.
As hereinabove pointed out, the record contains no note of evidence and no affidavits were presented in support of the allegations of defendant's petition. The petition was however, properly verified. No order stating the intention of the court to hear the matter either on the verified petition or on affidavits in support thereof was requested by the defendant or signed by the court.
Article 3609 of the Code of Civil Procedure provides as follows:
"The court may hear an application for a preliminary injunction or for the dissolution or modification of a temporary restraining *148 order or a preliminary injunction upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served."
Plaintiff claims that the language of the foregoing article requires that there be an order signed by the judge if the matter is to be heard either on the verified pleadings or on affidavits. He cites the case of Pearce v. Johnson, 213 So.2d 117 (La.App. 3 Cir.1968), which holds that a hearing for a preliminary injunction may not be held on verified pleadings or affidavits unless the court so orders. We think the interpretation of Article 3609 in that case to be reasonable and concur therein. We doubt that such a hearing could be held on the verified pleadings alone in the absence of a stipulation by the parties to that effect. If that were true, defendant could be precluded from introducing any evidence in his own behalf.
Since there was no order to hear the instant case on the verified pleadings, and since no other proof was offered to substantiate the allegations of defendant's petition for injunctive relief, there is nothing in the record upon which a judgment can be based.
We further note that the judgment appealed from does not meet the requirements of Article 3605 of the Code of Civil Procedure, which requires that a judgment ordering a preliminary injunction must describe in reasonable detail the acts to be restrained. It is not sufficient that it refer to the prayer of the petition to define its scope.
Since there is no evidence on which the judgment rendered herein can be based, and since it does not meet the requirements of the law as to form it must be reversed. Accordingly, the judgment appealed from is reversed, and there will be judgment herein in favor of plaintiff and against defendant, dismissing defendant's petition for a preliminary injunction, at defendant's cost.
Reversed and rendered.