357 So.2d 624 (1978)
APEX OIL COMPANY and Petroleum Fuel & Terminal Company
v.
CITY OF PORT ALLEN.
No. 11905.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
Writ Refused May 5, 1978.
*625 W. Luther Wilson of Taylor, Porter, Brooks & Phillips, Baton Rouge, for plaintiffs-appellants.
John L. Avant of Dodd, Barker, Avant, Wall & Thomas, Baton Rouge, for defendant-appellee.
George Mathews of Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, for intervenor.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
The plaintiffs, Apex Oil Company and Petroleum Fuel and Terminal Company, and intervenor, The Greater Baton Rouge Port Commission, sought an injunction against an attempt by the City of Port Allen to enforce the provisions of a building code on property owned by the Port Commission and leased to the plaintiffs. In the alternative, they also sought a mandamus requiring the City of Port Allen to process applications for building permits filed by plaintiffs with the same speed, fairness and procedural requirements as afforded other applications. Plaintiffs and intervenor appeal from the denial of both remedies.
The issues are:
1) Is proof of irreparable harm necessary?
2) Does the City of Port Allen have jurisdiction over construction on the Port Commission property?
3) Is mandamus appropriate?
4) Is processing of building permits ministerial?
Port Allen was incorporated in 1916 under La.R.S. 33:321-481. The Greater Baton Rouge Port Commission was created in 1952. It was "empowered . . . to construct or acquire and equip wharves and landings and other structures useful for commerce in the port area and to provide mechanical facilities therefor . . . to provide lights, water, police protection and other services for its facilities as it may deem advisable; . . ."
Some of the Port Commission property is within the city limits.
Plaintiffs, lessees of the Port Commission, began storing some petroleum products in above-ground tanks. The City sought an injunction. By agreement, a temporary restraining order was signed prohibiting the above-ground storage of fuels with a flash point of 100 degrees Fahrenheit or less. This temporary restraining order has been extended by agreement of the parties.
Later, plaintiffs began construction of some interior dikes. The dirt was secured from the leased property in such a manner as to be of benefit in the later construction of additional tanks. When the City told plaintiffs that a permit was required, they made application. The City advised plaintiffs as follows: "* * * The City of Port Allen cannot consider any additional permits for construction of any type at that particular site until present litigations are resolved. Therefore, permit is denied on the basis of the temporary restraining order issued by Judge I. N. Claiborne."
Thereafter, the City returned the application for the construction of a septic tank. Although the application was evidently not complete, plaintiffs, remembering the letter already received, filed this suit. Answer was filed and trial had.
Appellee asserts that the refusal of the preliminary injunction should be affirmed since plaintiffs have not proved any irreparable injury. However, it is not necessary to prove irreparable injury when the injunction is sought on the ground that the action complained of is reprobated by law. Caffery v. Powell, La.App., 320 So.2d 223 (3d Cir., 1975); Whalen v. Brinkmann, La. App., 258 So.2d 145 (1st Cir., 1972).
*626 Admittedly, the City of Port Allen prior to the formation of the port commission had the power to adopt building restrictions and require building permits under its charter and the state general law. The state may alter or recall the delegated power. Harper v. State Department of Revenue, La., 328 So.2d 669 (1976). The question then becomes: Has the state recalled this power from the City of Port Allen. We find nothing in the Constitution or the statutes to convince us that the people or the legislature intended to and did recall the powers of that city insofar as they apply to the Port's property. The denomination of the port as a state enclave or a "highly sophisticated industrial complex" begs the question; it does not necessarily follow that the legislature has, in fact, recalled the power it has granted. The terms of the Constitutional Amendment and of the statute setting up the port authority did grant some powers, which, however, are more in the nature of proprietorship than police powers. Nowhere is there a clear statement that the powers previously granted to the city are recalled. The language employed is not sufficient to require the conclusion that the recall occurred by implication. We decide that the injunction was properly denied.
Appellee asserts that mandamus is inappropriate in that the suit was directed against the City rather than against a particular officer and in that the action sought is a continuing course of conduct.
First, we note that under C.C.P. Art. 2593, any exceptions should have been filed prior to trial. Furthermore, the suit previously filed was in the name of the City of Port Allen. The case of State v. City of New Orleans, La.App., 209 So.2d 141 (4th Cir., 1968), we find to be inapplicable, because the objection was raised timely on an exception and because the proper officer was named by statute.
La.R.S. 33:4744 requires that all applications for building permits shall be passed upon within ten days after their filing. We believe this to be mandatory and ministerial in nature. The City therefore cannot refuse to consider an application because of pending litigation. Mandamus may properly be issued.
Appellee asserts that a mandamus should not be issued to direct a general course of action. We agree and therefore we limit the mandamus to the applications already filed, even though appellants asserted they intended to ask that the mandamus apply to any and all applications, including those not yet filed. We do not presume that the City will continue to violate the law once called to its attention.
For these reasons, the judgment is amended to the extent that it is ordered that a mandamus issue to the City of Port Allen ordering it to pass upon the applications already filed within the ten days of the finality of this judgment. In all other respects the judgment is affirmed. The costs are to be borne equally by the plaintiffs and the defendant.
REVERSED IN PART AND AFFIRMED IN PART.