420 So.2d 727 (1982)
CITY OF NEW ORLEANS
v.
NATIONAL POLYFAB CORPORATION.
No. 13119.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
*728 Evelyn F. Pugh, Deputy City Atty., New Orleans, for plaintiff-appellee.
A.J. Graffagnino, Graffagnino, Perez & Roberts, Metairie, for defendant-appellant.
Before GULOTTA, KLEES and AUGUSTINE, JJ.
KLEES, Judge.
This matter is on appeal from a judgment of the Civil District Court for the Parish of Orleans enjoining the defendant, National Polyfab Corporation, from using a steel building constructed in June, 1978 as an extension of its non-conforming business use, and ordering the defendant to remove a new 5000 gallon fuel tank installed on the premises at the same non-conforming business location.
Defendant contends that, 1) the trial court's order to remove the new 5000 gallon fuel tank was too harsh a remedy; and 2) that there was an insufficient showing of irreparable harm to justify enjoining the defendant's use of the metal building.
We find no merit in defendant's contention and accordingly affirm.
The defendant, National Polyfab Corporation, is in the steel fabrication business. The business is located at 2711 Spain Street in New Orleans, and the present owners have operated it since 1975. The defendant's property had been zoned "J", or light commercial, prior to 1970. But in 1970, the City of New Orleans adopted a comprehensive zoning ordinance which changed the designation of the property to RD-2, which is a two-family residential district. When the ordinance was passed, it provided that the new zoning changes would not apply to any business operating legally prior to the effective date of the ordinance. Since defendant met this requirement, it was classified as a legal non-conforming business.
In June of 1978, the defendant erected a steel building in its rear yeard at 2711 Spain Street. No building permits were applied for or secured for the construction of the building, and after an inspection by the Department of Safety and Permits, the defendant was notified that it was in violation of the Comprehensive Zoning Ordinance for the City of New Orleans. The defendant did not take steps to remedy the violations, and as a result this suit was instituted.
Subsequently, in July of 1979, defendant applied to the Department of Safety and Permits for a building permit for the installation of two fuel tanks. The application stated that these tanks were to replace bad tanks which were already in the ground. The application was approved and the permit was issued. The Department of Safety and Permits later discovered that only one tank existed at the time of application.
The City of New Orleans asserted that the defendant had unlawfully expanded or extended its non-conforming use by the *729 above additions to its property, and that these additions are clear violations of the Comprehensive Zoning Ordinance, and sought to enjoin the use of the steel building and removal of the new additional fuel tank.
Article 12, Section 5 of Ordinance No. 4264 M.C.S., the Comprehensive Zoning Ordinance for the City of New Orleans, provides in pertinent part:
"A building or land which does not conform to the use regulations of the district in which it is located (non-conforming by use), shall not be extended or enlarged by the attachment of signs to the building, or by the placement of signs to display materials on land outside of the building, or by the attachment of racks, balconies, or other projections from the building, or in any other manner, (emphasis added) except when required by law or ordinance."
The addition of the steel building and the addition of an extra gasoline tank by defendant are clearly extensions of a non-conforming use, and such extensions are prohibited by the above ordinance. It is elementary that a municipality has the right to enjoin violations of a zoning ordinance. City of New Orleans v. Langenstein, 91 So.2d 114 (La.App.Orl.1956). Therefore, the City of New Orleans had the right to seek the permanent injunction against defendant.
The defendant argues that a permanent injunction is inappropriate because there is no showing of irreparable harm or injury in this case. However, a showing of irreparable injury is a prerequisite to injunctive relief only where the actions to be enjoined are lawful. Salter v. B.W.S. Corporation, Inc., 290 So.2d 821 (La.1974). Whalen v. Brinkman, 258 So.2d 145 (La. App. 1st Cir.1972), Bossier v. Lovell, 410 So.2d 821 (La.App. 3rd Cir.1982). Since the violations of the Comprehensive Zoning Ordinance by the defendant are unlawful, there is no need for the City of New Orleans to show irreparable harm.
The City of New Orleans has the right to seek the demolition or removal of structures erected or installed in violation of the Comprehensive Zoning Ordinance. Boyd v. Donelon, 193 So.2d 291 (La.App. 4th Cir.1966), writ refused, 195 So.2d 643. The applicable provision of the Zoning Ordinance is found in Article 15, Section 2.13(1), which reads in pertinent part:
"In case any building or structed is erected, structurally altered, extended, moved or maintained, or any building, structure or land is used in violation of this Ordinance, any proper City official or their duly authorized representatives, in addition to other remedies, may institute any appropriate actions or proceedings or prevent such unlawful erection, structural alteration, extension, moving, maintenance, use, or other violations, to restrain, correct or abate violation (emphasis added), to prevent the occupancy of such buildings, structure, or land or to prevent any illegal act, conduct, business, or use in or about such premises."
This statute specifically authorizes a proceeding to abate a violation.
In Boyd, supra, this court interpreted a very similar provision of the Jefferson Parish Zoning Ordinance and found that the phrase "abate violation" included the right to seek removal and/or demolition of the unlawful extension. Since the New Orleans ordinance likewise contains the phrase "abate violation", under the Boyd decision, the district court clearly had the authority to order the abatement or removal of the extra fuel tank.
Defendant argues that the City of New Orleans should be stopped from seeking removal of the tank because the City issued a permit to allow the installation of the tanks. The fact that the permit was issued by the City is irrelevant. There is no statutory law or other authority which gives to any city official or to any city board or department the arbitrary right to waive in favor of any land proprietor the city's right to enforce a compliance with the provisions of the Comprehensive Zoning Ordinance, City of New Orleans v. Langenstein, 111 So.2d 363 (La.App.Orl.1959).
*730 For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against Defendant-Appellant.
AFFIRMED.