MARCUS, Justice.
Julian L. Steinberg, Charlotte Steinberg Gottesman and Jacqueline Steinberg Hoch-berg (Steinbergs) filed a petition seeking a preliminary and permanent injunction restraining Emile Meyers, Sr. and Emile Meyers, Jr. (Meyers) from blocking or otherwise interfering with the navigation of an unnamed canal which leads to a tract of land that the Steinbergs own in Plaque-mines Parish.
Evidence adduced at the hearing on the preliminary injunction shows that the unnamed canal runs between lots 16 and 17 of the Fanny-Belair Subdivision from the Fanny Canal back to the Forty Arpent Canal, the latter forming the boundary of the Steinbergs’ property. The hunters and trappers who lease the Steinbergs’ land, and the others who use it, gain access to the property by a road between lots 16 and 17 which runs from the highway to a pumping station. From the pumping station, they launch boats into the Fanny Canal, enter the unnamed canal (which is perpendicular to the Fanny Canal), and travel down the unnamed canal[1] to the Stein-bergs’ property. According to the testimony, the parish has erected a gate on the road near the highway, but keys to the gate have been distributed to the people who live on, or lease, the property in the area.
The testimony further reveals that the canal at issue has been used for at least forty years as a means of access to the Steinbergs’ land. It is three to four feet deep and twenty to thirty feet wide. Boats ranging in size from 12 to 18 feet long, propelled by motors from 9½ to 150 horsepower, have traveled through the canal. The evidence shows that the canal is not the only means of access to the Steinbergs’ tract, but it is probably the most convenient and the least dangerous. In June of 1984, the Meyers placed a chain or cable *49 across the canal at its intersection with the Fanny Canal. The obstruction blocked navigation, but did not prevent drainage through the canal.
After the Steinbergs had completed the presentation of their evidence, the trial judge, upon the Meyers’ motion for a dismissal of the action, denied the preliminary injunction on the ground that the Stein-bergs had failed to prove irreparable harm.[2] The court of appeal affirmed, finding that mere inconvenience and not irreparable injury, loss or damage resulted from the Meyers' obstructing the canal, presumably because there is an alternate route to the Steinbergs’ property.[3] On application of the Steinbergs, we granted certiorari to review the correctness of that decision.[4]
The issue presented for our consideration is whether the Steinbergs have suffered irreparable injury due to the obstruction of the canal by the Meyers.
The court of appeal, in finding no irreparable injury, apparently based its decision on the existence of an alternate route. The fact that there exists an alternate route to the Steinbergs’ property does not preclude a finding that irreparable injury has resulted from the obstruction of the canal. See Discon v. Saray, Inc., 262 La. 997, 265 So.2d 765 (1972). To the extent that the court of appeal held otherwise, it erred. Having found that the alternate route is not controlling, the record is incomplete to make a finding of irreparable injury. Because the trial judge ruled against the Steinbergs at the close of their case, the Meyers did not have an opportunity to offer any evidence into the record. No evidence was presented by either party as to the ownership of the canal or of the abutting property, or as to when or by whom the canal was built. Therefore, it cannot be determined from the record whether the canal is public, private or dedicated to pub-lie use. See Harvey v. Potter, 19 La.Ann. 264 (1867); Seligman v. Tschirn, 394 So.2d 1326 (La.App.1st Cir.1981); National Audubon Society v. White, 302 So.2d 660 (La.App.3d Cir.1974), writ denied, 305 So.2d 542 (La.1975); see also A. Yiannopoulos, Property § 47 (La.Civ.L.Treatise vol. 2, 1980). While evidence of navigability was introduced by the Steinbergs, the Meyers did not have an opportunity to offer countervailing evidence. No finding of navigability or nonnavigability was made by the trial judge or the court of appeal.
Under the authority of La.Code Civ.P. art. 2164, we can and do remand cases for the introduction of additional evidence when we feel that by such action the ends of justice will be best served. Oakbrook Civic Assoc., Inc. v. Sonnier, 481 So.2d 1008 (La.1986). Under the circumstances herein, we feel that the ends of justice will be best served if this case is remanded to the trial court to permit the Steinbergs and the Meyers to present further evidence on the issue of irreparable injury.
DECREE
For the reasons assigned, the judgments of the courts below are reversed, and the case is remanded to the district court for further proceedings consistent with the views herein expressed and in accordance with law.

. We note that a survey of the Fanny-Belair Subdivision by Clifford G. Webb and Alvin E. Hotard, dated February 4, 1982, showing registration in a conveyance office, is contained in the record. The survey indicates that roads contained thereon are dedicated to public use, and the unnamed canal seems to be designated as a road (as is the existing road from the highway to the pumping station).

.After the hearing on the preliminary injunction, the Meyers filed an answer and reconven-tional demand alleging that the canal at issue, at its intersection with the Fanny Canal, is located within their private property, was constructed with private funds, and is therefore private in fact and in law. The Meyers seek an injunction against the Steinbergs, enjoining them from entering the Meyers’ property.

. 476 So.2d 361 (La.App.4th Cir.1985).

. 479 So.2d 357 (La.1985).