539 So.2d 891 (1989)
NEW ORLEANS PUBLIC SERVICE INC.
v.
The COUNCIL OF the CITY OF NEW ORLEANS, Lambert Boissiere, Jr., Mike Early, Joseph I. Giarrusso, Johnny Jackson, Jr., James Singleton, Dorothy Mae Taylor and Peggy Wilson.
No. 88-CA-1369.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
Herschel L. Abbott, Jr., Warren M. Schultz, David G. Radlauer, Edward H. Bergin, R. Lewis McHenry, James M. McGrew, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for plaintiff-appellant New Orleans Public Service Inc.; Thomas O. Lind, New Orleans Public Service Inc., New Orleans, of counsel.
Okla Jones, II, City Atty., Bruce E. Naccari, Asst. City Atty., Beverly Zervigon, Admin., New Orleans, and Kenneth M. Carter, Sidney H. Cates, IV, Carter & Cates, New Orleans, and Clinton A. Vince, L. John Osborn, Nancy A. Wodka, Verner, Liipfert, Bernhard, McPherson and Hand, Chartered, Washington, D.C., for defendants-appellees Council of City of New Orleans, et al.
Joseph Bernstein, New Orleans, for intervenors-appellee Alliance for Affordable Energy, Inc., Citizens for Safe Energy, Inc. and Gary L. Groesch.
Before BARRY, KLEES and BECKER, JJ.
KLEES, Judge.
New Orleans Public Service Inc. ("NOPSI") appeals from the denial of its motion for preliminary injunction by the district court. NOPSI's motion sought to *892 enjoin the implementation of the February 4, 1988 order of the New Orleans City Council. This order prevented NOPSI from putting into effect scheduled rate increases designed to pass on to its retail customers NOPSI's share of the cost of the Grand Gulf 1 nuclear plant. The Council disallowed recovery of a certain portion of NOPSI's costs based primarily on the alleged imprudence of NOPSI's management in failing to "sell off" some of the nuclear power it was required to take. The trial judge accepted NOPSI's argument that an injunction could be granted without any showing of irreparable harm if the court found the Council's order to be illegal. The court ultimately denied the injunction, however, finding that the order did not conflict with federal law. We affirm, but for different reasons than those of the trial judge.
NOPSI is part of the Middle South system, which is owned by Middle South Utilities Inc. ("MSU"), the parent holding company, and which consists of a generating company, System Energy Resources, Inc. ("SERI"), and four retail operating companies, namely NOPSI, Louisiana Power & Light Company ("LP & L"), Arkansas Power & Light Company ("AP & L"), and Mississippi Power & Light Company ("MP & L").
SERI is the principal owner of Grand Gulf 1, which began commercial operation on July 1, 1985. Grand Gulf 1 generates power solely for sale at wholesale in interstate commerce, which sales are subject to the exclusive jurisdiction of the Federal Energy Regulatory Commission ("FERC").
On June 13, 1985, the FERC issued its final opinion settling an ongoing dispute as to the proper allocation among Middle South's four retail operating companies of the costs associated with Grand Gulf 1. Middle South Energy, Inc., 31 FERC (CCH) ¶ 61,305 (June 13, 1985) ("Opinion No. 234"). In this Opinion, the FERC concluded that the nuclear unit investment costs of the Middle South system should be equalized among the operating companies, thereby allocating the costs, capacity and energy of Grand Gulf 1 as follows:

 AP & L- 36%
 LP & L- 14%
 MP & L- 33%
 NOPSI - 17%

In May, 1985, NOPSI filed a rate application with the Council in which it sought to substantially increase retail rates in order to recover its anticipated share of the costs of Grand Gulf 1. The Council refused to allow the 60 to 70% increase sought by NOPSI, but did reach a settlement with NOPSI in 1986 whereby NOPSI was permitted to recover a portion of the Grand Gulf 1 costs by means of annual rate increases spread over a period of years. The unrecovered portion was to be recorded on NOPSI's books as an asset for future recovery. In the settlement agreement, the Council reserved its right to continue an inquiry it had begun in October of 1985 concerning the prudence of NOPSI's involvment in the Grand Gulf 1 project.
The result of the Council's prudence inquiry was the February 4, 1988 order, 224 pages long, the implementation of which NOPSI sought to enjoin in the lower court, and which is the subject of this appeal. In the order, the Council finds fault with NOPSI's management for failing to properly oversee and review its Grand Gulf operation as the project progressed, particularly in 1979-80; for failing to use means available to it to reduce the financial risk of its Grand Gulf 1 commitment in light of the 1979 Three Mile Island incident; and finally, for failing to sell off the system in 1979-80 "substantially all" of its Grand Gulf 1 share. The Council concludes that due to the imprudence of NOPSI's management, NOPSI's shareholders must absorb approximately $135 million of the costs attributable to Grand Gulf 1. Throughout the order, it is emphasized that the Council's action is not intended to challenge the FERC allocation, but rather to determine "how and in what manner" NOPSI's costs should be recovered through its retail electric rates, issues which are not addressed by the FERC decision.
On appeal, counsel for NOPSI argue, as they did in the court below, that the Council's order conflicts with federal law because the FERC ruling and recent United *893 States Supreme Court decisions interpreting it require that each operating company be allowed to directly pass on its entire share of Grand Gulf 1 costs to the retail consumers. The trial judge found that the Council's order did not violate federal law, and therefore refused to issue a preliminary injunction. We agree that an injunction is not warranted in this case, but express no opinion as to whether the order is in conflict with federal law.
Under Louisiana law, an injunction is a provisional remedy which shall issue "in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law." La.Code Civ.Pro. art. 3601. This is not a case where the law specifically provides for injunctive relief. Neither did plaintiff attempt to show that it would suffer irreparable harm but for the issuance of an injunction. Rather, in seeking the injunction, NOPSI relied upon a seldom-used, judicially-created exception to article 3601. This exception holds that when the plaintiff seeks to enjoin a course of action that is forbidden by law, an injunction may be issued without a showing of irreparable injury. See Apex Oil Co. v. City of Port Allen, 357 So.2d 624, 625 (La.App. 1st Cir. 1978), writ denied, 358 So.2d 632 (La.1978); Smith v. West Virginia Oil & Gas Co., 365 So.2d 269, 274 (La.App. 2d Cir.1978), rev'd on other grounds, 373 So.2d 488 (La.1979).
Relying primarily on two recent Supreme court decisions, Nantahala Power & Light Co., v. Thornburg, 476 U.S. 953, 106 S.Ct. 2349, 90 L.Ed.2d 943 (1986), and Mississippi Power & Light Co. v. Mississippi, ex rel. Moore, ___ U.S. ___, 108 S.Ct. 2428, 101 L.Ed.2d 322 (1988), NOPSI claims that the Council's order is illegal and therefore may be enjoined under the exception set forth in Apex Oil Co., supra, and Smith, supra. After reviewing the law, we do not believe this case falls within the ambit of the exception.
In delineating the exception, our courts have used very precise language: an injunction may issue against conduct which is "forbidden by law" or "reprobated by law." See Apex Oil Co., supra, at 624; Smith, supra, at 274; Bossier v. Lovell, 410 So.2d 821, 827 (La.App. 3d Cir.1982), writ denied 414 So.2d 376 (La.1982); Whalen v. Brinkmann, 258 So.2d 145, 147 (La.App. 1st Cir.1972). This language suggests conduct which clearly goes against express law. Some of the earliest cases citing the exception concerned property owners seeking to enjoin physical trespass. See Marrero Land & Improvement v. Duplantis, 221 La. 540, 59 So.2d 829 (1952); Nomey v. State of La. Dept. of Highways, 325 So.2d 732 (La.App. 2d Cir.1976). Other cases have involved selling property in direct violation of a partnership agreement (Bossier v. Lovell, supra) and zoning ordinance violations (City of New Orleans v. National Polyfab Corporation, 420 So.2d 727 (La. App. 4th Cir.1982)).
These factual situations are not even remotely similar to the instant case. They do not involve arguable violations of the law, but clear violations of express law. The council's order on its face, does not violate any express law. In fact, as an administrative ruling, the order is itself akin to law. Moreover, the order specifically provides that it does not intend to affect wholesale ratemaking, which is preempted by federal law, or to undermine the FERC allocation of Grand Gulf 1 power and costs. For purposes of an injunction hearing, in the absence of any showing of irreparable harm, the court need not, and indeed should not, look beyond the face of the order.
Whether this particular order crosses over into an area of exclusive federal regulation, as interpreted by Nantahala, supra, and Mississippi Power and Light, supra, is the primary issue to be decided at the trial on the merits of this case. We express no opinion on this issue. We do find, however, that the order on its face is not clearly "forbidden by law" so as to warrant the use of the stated exception to article 3601. We decline to extend the exception this far.
We hold, therefore, that the trial judge's denial of the motion for preliminary injunction was proper in light of the plaintiff's failure to show that irreparable harm *894 would necessarily result from the implementation of the Council's order. For the reasons stated, the judgment of the district court is hereby affirmed.
AFFIRMED.