595 So.2d 1264 (1992)
Nicki HOBBS, wife of/and Ali Fathi
v.
Harold GORMAN and the Sewerage and Water Board of New Orleans.
No. 91-CA-1079.
Court of Appeal of Louisiana, Fourth Circuit.
March 17, 1992.
*1265 Gerard M. Victor, Asst. Special Counsel, New Orleans, for defendants-appellees.
George M. Strickler, Jr., Leblanc and Strickler, New Orleans, James Maher, III, New Orleans, for plaintiffs-appellants.
Before KLEES, LOBRANO and JONES, JJ.
JONES, Judge.
This is an appeal from a judgment denying the plaintiffs' request for a preliminary injunction against the defendants. The issue posed by this appeal is whether the plaintiffs, Nicki Hobbs and her husband Ali Fathi are entitled to a preliminary injunction ordering the defendants, Harry Gorman and Sewerage and Water Board of New Orleans to allow Ali Fathi to continue using a board vehicle previously assigned to him to commute to and from his place of employment.
The plaintiffs instituted these proceedings on February 19, 1991 by filing a petition for damages, writ of injunction and temporary restraining order against the defendants. Plaintiffs alleged that Ali Fathi had been employed by the defendant, Sewerage and Water Board of New Orleans for approximately seven years. At the time that he was initially employed, he was a resident of Orleans Parish. He alleged that because of his position with the Board, he was assigned a board vehicle which he was allowed to use to commute from his residence to his place of employment. He subsequently decided to purchase a home in St. Tammany Parish. Being aware of the requirement that employees reside in Orleans Parish, he sought a waiver of the residency requirement. The waiver of residency was granted in either July or August of 1989 and the defendant moved to St. Tammany Parish. Several months later, the plaintiff, Ali Fathi was instructed to stop using his assigned vehicle to commute to and from work. Plaintiff alleged that this action by the defendants was discriminatory because other employees were allowed to use their assigned vehicles to commute to and from work. Plaintiff alleged that some of these employees also reside outside of Orleans Parish. Plaintiff alleged that the termination of his rights to use his assigned vehicle to commute to and from work had caused him irreparable injury in the form of severe emotional distress, disruption of his family's day to day routine, and concern about being able to earn a living since he had to arrange rides to and from work. Additionally, he alleged that employees' personal vehicles were often vandalized when left unattended at his place of employment. Plaintiff sought a permanent injunction restraining the defendants from interfering with his right to use his assigned vehicle to commute to work, a preliminary injunction allowing him to continue to use his assigned vehicle to commute, damages, and a temporary restraining order directing the defendants to allow him to continue to use his assigned vehicle to commute to work.
The trial court issued a temporary restraining order enjoining the defendants from denying plaintiff the use of his assigned vehicle to commute to and from work and subsequently held a hearing on March 22, 1991 to determine whether a preliminary injunction should issue during the pendency of the proceedings. The hearing was conducted pursuant to La. C.C.P. art. 3609, using affidavits, memoranda, verified pleadings, and oral argument. After the hearing, the trial court denied the plaintiffs' request for a preliminary injunction. In its reasons for judgment, the court stated that it believed the plaintiff was being treated unfairly. However, the court could not find any irreparable injury or conduct forbidden by law.
On appeal plaintiff argues that it was not necessary for him to show irreparable injury because he demonstrated that his rights to equal protection as guaranteed by Article 1, Section 3 of the Louisiana Constitution and the Fourteenth Amendment to the United States Constitution had been violated when he was prohibited from using his assigned vehicle to commute to and from work. Such conduct, according to the plaintiff falls within the definition of conduct forbidden by law. Further, since the case involves the alleged deprivation of a *1266 constitutional right, plaintiff argues that a showing of irreparable injury is not necessary. For the reasons given herein, we disagree and affirm the trial court.
Preliminarily, we note that the present appeal does not concern the merits of plaintiffs' request for a permanent injunction or their request for damages. These are issues which have not yet been addressed by the trial court. The sole issue in the present appeal is whether the trial court erred in denying the plaintiffs' request for a preliminary injunction during the pendency of the proceedings.
The issue of whether a preliminary injunction should be granted is a matter that is to be determined by the trial court. Absent a clear abuse of discretion in determining this matter, a denial of a preliminary injunction will not be overturned. The parties to the litigation may still proceed to a trial on the merits at which additional evidence may be presented and the claims raised by the parties may be heard. See SREF Bon Marche Co. v. D.H. Holmes Co., 572 So.2d 284 (La.App. 1st. Cir.1990) writ denied, 576 So.2d 45 (La. 1991) and Steinberg v. Meyers, 476 So.2d 361 (La.App. 4th Cir.1985), rev'd on other grounds, 485 So.2d 48 (La.1986).
In order to obtain a preliminary injunction, a moving party must show that he will suffer irreparable injury, loss or damage if the injunction does not issue. La. C.C.P. art. 3601.
The plaintiff did not show that he would suffer irreparable injury if he was denied the use of his assigned vehicle to commute to and from work. He admittedly owns a vehicle. The fact that the loss of the board's vehicle would cause great inconvenience to him and his family is not sufficient to show irreparable injury. This court has held on numerous occasions that mere inconvenience is not enough to show irreparable injury needed for the issuance of a preliminary injunction. Bundrick v. Lafayette Parish Police Jury, 462 So.2d 1319 (La.App. 3rd Cir.1985). Additionally, the issue of vandalism appears to be somewhat speculative. If however, his personal vehicle was to be vandalized, he would certainly have a cause of action for damages if he can show some fault on the part of his employer. Damages, not injunctive relief, is the traditional remedy for constitutional deprivations that don't involve irreparable injury. See Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Hohe v. Casey 868 F.2d 69 (3rd Cir.1989); See also, Love, "Damages: A remedy for the Violation of Constitutional Rights", 67 Calif.L.Rev. 1242 (1979).
Alternatively, plaintiff argues that the trial court erred in not granting the preliminary injunction pursuant to the judicially created exception to La.C.C.P. art. 3601 which allows the issuance of an injunction without the required showing of irreparable injury when the action sought to be enjoined is forbidden by law. See New Orleans Public Service Inc. v. Council of the City of New Orleans, 539 So.2d 891, 893 (La.App. 4th Cir.1989); Apex Oil Co. v. City of Port Allen, 357 So.2d 624, 625 (La. 1st Cir.1978), writ denied, 358 So.2d 632 (La.1978); Smith v. West Virginia Oil & Gas Co., 365 So.2d 269, 274 (La.App. 2d 269, 274 (La.App. 2d Cir.1978), rev'd on other grounds, 373 So.2d 488 (La. 1979). We conclude that this is not a case wherein the judicially created exception applies.
In New Orleans Public Service Inc. v. City Council, supra, we stated that the term "action forbidden by law" suggests conduct that goes against express law. We noted that cases wherein the courts found that this prerequisite had been satisfied were cases that demonstrated clear violations of express law, not cases of arguable violations of the law. The act of the defendants in denying the plaintiff the use of an assigned vehicle to commute to and from work does not violate any express law. Rather, on its face, this practice would appear to be a routine business decision. The affidavits and deposition testimony presented at the hearing established that the assignment of take-home vehicles was not made on the basis of a reward for a position obtained within the agency; nor was the assignment intended as additional *1267 compensation to the employee. Rather, take-home vehicles were allegedly assigned to employees who may be expected to respond to emergency situations or who may be called to perform duties after normal work hours. In short, the assignment of take-home vehicles appears to be for the convenience of the employer. Since the employee had no property interest in the vehicle, the employer was free to take the vehicle away at any time, for any reason other than an unlawful reason, such as the alleged discriminatory reason.
However, it is the allegation that the vehicle was taken away from the plaintiff for discriminatory reasons which gives rise to any cause of action that the plaintiff has against the defendants in this litigation. It is this allegation which forms the basis for his entitlement to an injunction. If he can establish a constitutional violation at trial, he will be able to obtain a permanent injunction and/or damages. The issue of whether his employer is actually discriminating against him is one that should be decided by the trial court, after a trial on the merits. It is not an issue which we should address based on the current record consisting of affidavits, depositions and pleadings, since the alleged equal protection violation in this case clearly falls under the category of an arguable violation of the law, not an express violation of law. The issue should in the first instance be decided by the trier of fact who is in a position to view the witnesses and resolve any issues of credibility.
Plaintiffs rely upon certain dicta in South Central Bell Telephone Co. v. Public Service Commission, 555 So.2d 1370, 1373 (La.1990) and Elrod v. Burns, 427 U.S. 347, 96 S.Ct 2673, 49 L.Ed.2d 547 (1976) to support their contention that irreparable harm need not be shown in cases where the deprivation of a constitutional right is involved. We have carefully reviewed both cases and find that they are distinguishable from this case in that the courts in both cases specifically found that irreparable harm had in fact been shown. In South Central Bell, supra, the Supreme Court reversed a trial court decision which had denied South Central Bell a preliminary injunction keeping existing rates in effect. The Court stated that the preliminary injunction should have been granted even if the trial court was correct in its finding that South Central Bell had failed to establish an unconstitutional confiscation since South Central Bell had made a showing of irreparable injury. The Court specifically found that irreparable injury would occur because if South Central Bell prevailed on the merits, the Courts would be precluded from granting complete relief because of a prohibition against retroactive rate making. Similarly, in Elrod v. Burns, supra the court basically equated the denial of First Amendment rights with irreparable harm. However, we decline to extend the dicta in these cases to apply to all cases wherein the deprivation of a constitutional right is involved. If the plaintiff has suffered a violation of his constitutional rights, he has a remedy for damages.
The judgment of the trial court denying the preliminary injunction will be affirmed.
AFFIRMED.