**GRANAIO, LLC**

**VERSUS**

**THE CITY OF NEW ORLEANS**

\* \* \* \* \* \* \*

\*

\*

\*

\*

\*

**NO. 2024-CA-0438**

**COURT OF APPEAL**

**FOURTH CIRCUIT**

**STATE OF LOUISIANA**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-09459, DIVISION "M-13"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Rachael D. Johnson)

H. Minor Pipes III
Stephen L. Miles
Christopher W. Swanson
PIPES MILES BECKMAN, LLC
1100 Poydras Street
Suite 3300
New Orleans, LA 70163

COUNSEL FOR PLAINTIFF/APPELLANT

Shawn Lindsay
DEPUTY CITY ATTORNEY
Donesia D. Turner
CITY ATTORNEY
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112


COUNSEL FOR DEFENDANT/APPELLEE



**AFFIRMED**


**DECEMBER 30, 2024**

DLD
PAB
RDJ

In this code enforcement case, the plaintiff, Granaio, LLC ("Granaio") appeals the trial court's judgment granting the defendant's, City of New Orleans ("City"), exception of lack of subject matter jurisdiction and the dismissal of plaintiff's expedited petition for temporary restraining order, motion to enforce consent judgment order, and motion for contempt. For the reasons that follow, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

On September 7, 2017, Granaio purchased property located at 3010-3030 Sandra Drive and 2309-2439 Murl Street ("Property") at a Sheriff's sale. The property, formerly known as DeGaulle Manor, included a group of eighteen vacant buildings built in the 1960's and used as low-income housing.

On August 17, 2018, Code Enforcement performed an inspection of the property and found several violations of the City Code for nuisance and blight. On August 26, 2019, an administrative judgment was entered in Case No. 18-07456-MPM, and the property was fined for approximately 14 violations of the City Code in the amount of $7,075.00. The hearing officer determined that the property was a public nuisance, and ordered abatement of the violation within thirty days of the

1

mailing of the judgment. The administrative judgment also included a demolition order citing the property as an unsafe hazard to health, safety, and welfare of the community.

On September 10, 2019, Granaio filed a suspensive petition for judicial review with the district court, which was allotted to Division "M" in CDC No. 2019-9459. The City and Granaio agreed to a consent judgment on January 6, 2022, dismissing the suspensive appeal as to the demolition order to allow Granaio an opportunity to come into compliance with the City Code through abatement. The consent judgment did not authorize the property to remain in continued violation to the detriment of public safety.

On July 25, 2023, code enforcement inspector, Kimberly Reid, inspected the property and opened a new administrative case (23-02538-MPM) and cited the property separately under the City's emergency authority provided by City Code § 26-242, for condemnation as an imminent danger to the public which required abatement through an emergency demolition pursuant to La. R.S. 33:4761 *et seq.* The director of the Department of Safety and Permits, Tammie Jackson, and the director of Code Enforcement, Thomas Mulligan, determined that the property was an imminent danger to public safety as the Imminent Danger Determination for Emergency Abatement Reports found that building numbers 10, 11, 12, 18, and 19 were partially collapsed due to neglect; the buildings were not structurally sound; and slabs were raised off the ground. On July 25, 2023, the emergency abatement by demolition under City Code § 26-242 was approved.[1]

---

[1] Subsequently, on September 17, 2023, a fire on the property exacerbated the deteriorated condition and required Granaio to voluntarily demolish building 10. On September 20, 2023, Mr. Mulligan received an email from NOPD Officer Jamal Kendrick, who reported that the

Pursuant to City Code § 26-242, La. R.S. 33:4762(C), and its emergency condemnation authority, the City posted notices of emergency demolition on the property on September 21, 2023. The notices were also received by Granaio on September 21, 2023. On September 29, 2023, eight days after notice was posted on Granaio's property, Granaio filed an untimely verified petition for temporary restraining order and injunctive relief which was allotted to Division "A" in CDC No. 23-11192. Granaio requested that the district court enjoin the City from its emergency demolition efforts. However, Granaio failed to provide notice of the request for injunctive relief to the division of the lower numbered case in CDC No. 19-9459, allotted to Division "M". On January 25, 2024, the district court in Division "A", CDC No. 23-11192, rendered a decision denying the preliminary injunction. The court found Granaio failed to timely appeal the emergency demolition within 48 hours of the posted notice pursuant to La. R.S. 33:4764(A) and held that the district court lacked subject matter jurisdiction. On January 26, 2024, the district court in Division "A" signed a judgment denying the preliminary injunction and dismissed the matter with prejudice. Also, on January 26, 2024, that court denied Granaio's emergency motion to stay proceedings pending its supervisory writ application to this Court. On February 9, 2024, the district court in Division "A" signed an order denying Granaio's request for suspensive appeal and granted a devolutive appeal, which is presently pending in a separate case before this Court (2024-CA-0188).

On April 2, 2024, Granaio filed a second and identical request for injunctive relief in CDC case No. 19-9459 allotted to Division "M". On April 18, 2024, the

---

abandoned property had been closed for over ten years and had become a significant site for illegal dumping, crime and fires.

district court in Division "M" granted the City's peremptory exception of lack of subject matter jurisdiction and denied Granaio's petition for preliminary injunction, motion to enforce consent judgment, and motion for contempt. It is from this judgment that Granaio now appeals.[2]

## DISCUSSION

On appeal, Granaio alleges that the trial court erred in three distinct ways: (1) The appeal pending in 2024-CA-0188 did not divest Judge Irons of jurisdiction to hear Granaio's Petition because the plain language of La. C.C.P. art. 2088 only divests the district court of jurisdiction over all matters in the case reviewable under appeal; (2) The consent judgment is the law between the parties and Granaio and the City were free to contract a second administrative hearing as the exclusive remedy for disputes with regard to the condition of the buildings; and (3) The district court erroneously interpreted the forty-eight (48) hour appellate provision of La. R.S. 33:4764. A plain reading of La. R.S. 33:4764 *et seq.*, read *in pari material*, provides that Granaio was entitled to a pre-deprivation hearing prior to any demolition of its property, emergency or otherwise.

Granaio's first assignment of error is without merit because the district court was divested of jurisdiction once the order for devolutive appeal was granted by Division "A" regarding Granaio's first request for injunctive relief on February 9, 2024. Granaio's petition for injunctive relief in the instant case mirrors the first request for injunctive relief denied by the district court in Division "A" and

---

[2] The City has filed a motion to dismiss this appeal and the appeal in 2024-CA-0188 because the action sought to be enjoined has been accomplished and the appeals are moot because there is no justiciable controversy. In support of its position, the City cites to *Fidelity Bank v. Dowden*, 20-0241 (La. App. 4 Cir. 10/7/20), 365 So.3d 521, 525 (citing *Jackson v. Dobard*, 15-0505 (La. App. 4 Cir. 12/9/15), 182 So.3d 1191, 1121). "When an appeal is taken from an order denying injunctive relief and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot." *Id.*

4

appealed to this Court in case No. 2024-CA-0188. The district court noted and Granaio agreed that both requests for injunctive relief concerned the same parties and the same issue. Granaio also acknowledged that pursuant to local rules of the district court, the first request for injunctive relief should have been transferred to Division "M" because it had been assigned the lower case number.

La. C.C.P. art. 2088(A), in pertinent part provides:

> The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal.

La. C.C.P. art. 2088(A).

In the instant case, considering that Granaio's second request for injunctive relief involved the same parties and same issues involved in Granaio's first request for injunctive relief where a suspensive appeal had already been granted, we find no error in the trial court's finding that it had been divested of jurisdiction in this matter. *See Gulf Coast Bank and Trust Co. v. Warren*, 12-1570, p. 5 (La. App. 4 Cir. 9/18/13), 125 So.3d 1211, 1215.[3]

Granaio's second assignment of error wherein it contends that the consent judgment is the law between the parties and that Granaio and the City were free to contract a second administrative hearing as the exclusive remedy for disputes with regard to the condition of the buildings is also without merit. This Court has long held "[t]here is no statutory law or other authority which gives to any city official or to any city board or department the arbitrary right to waive in favor of any land

---

[3] In that case, this Court determined that since the plaintiff met the requirements of a devolutive appeal, once the district court signed an order granting the appeal, the trial court is divested of jurisdiction and cannot later dismiss the appeal by a subsequent judgment.

5

proprietor the city's right to enforce a compliance with the provisions of the Comprehensive Zoning Ordinance." *City of New Orleans v. Nat'l Polyfab Corp.*, 420 So.2d 727, 729 (La.App. 4 Cir. 9/30/82) (citing *City of New Orleans v. Langenstein*, 111 So.2d 363, 369 (La. App. Orl. 1959)). Likewise, there is no statutory authority for the City to waive its right to enforce its emergency demolition authority under La. R.S. 33:4761 or City Code § 26-242 to the detriment of public safety.

In its final assignment of error, Granaio contends that the district court erroneously interpreted the forty-eight (48) hour appellate provision of La. R.S. 33:4764. Granaio argues a plain reading of La. R.S. 33:4764 *et seq.*, read *in pari material*, provides that Granaio was entitled to a pre-deprivation hearing prior to any demolition of its property, emergency or otherwise.

La. R.S. 33:4764(A), in pertinent part, provides the following:

> Where a grave public emergency has been declared by the parish or municipal governing authority, the owner of the building who desires to prevent the demolition or removal thereof must file his petition within forty-eight hours of the posting of the notice of the demolition or removal order on the property . . .

In *Smith v. City of Minden*, the Second Circuit recognized that "a municipality's condemnation becomes final and absolute upon expiration of the delay provided by law," and further found that a "reviewing court may even notice ex proprio motu that jurisdiction lacked for adjudication of the matter."[4] Additionally, the Fifth Circuit has held that a trial court does not have subject matter jurisdiction to consider claims that are not timely filed under La. R.S. 33:4763 and La. R.S. 33:4764. *See Jumonville v. City of Kenner*, 09-1042, pp. 7-8

---

[4] 622 So.2d 1206, 1208 (La. App. 2 Cir. 8/18/93) (Citations omitted).

(La. App. 5 Cir. 7/27/10), 47 So.3d 462, 465-66. Likewise, in *Franklin v. City of Alexandria*, the Third Circuit observed that "it is well settled that once the delays for appeal have run, an administrative ruling becomes final and is res judicata."[5] The Third Circuit also found that "[a]bsent the timely filing of an appeal or petition for judicial review of an administrative ruling, the courts of this state lack jurisdiction to review that ruling." *Id.*

In this matter, there was a declaration of a grave public emergency by the City and Granaio filed its petition outside of the 48-hour deadline to prevent the emergency demolition of the property. Therefore, according to the statutory authority and jurisprudence, the City's imminent danger decision became final and the trial court lacked subject matter jurisdiction. Accordingly, we find no error in the trial court's judgment and we find that Granaio's final assignment of error is without merit.

**CONCLUSION**

For the above and foregoing reasons, we affirm the trial court's judgment that granted the City's exception of lack of subject matter jurisdiction and dismissed Granaio's petition for relief.

**AFFIRMED**

---

[5] 18-634, p. 8 (La. App. 3 Cir. 5/1/19), 272 So.3d 120, 125 (Citations omitted).