ELLIS, Judge.
In the early 60’s, plaintiff Alain R. Selig-man acquired a piece of property fronting on the Bogue Falaya River, the front portion of which was low and swampy. He excavated a semi-circular canal or slip, about 60 to 80 feet wide entirely on his own property, leaving a small island in the center at the original bank of the river. He also built a bridge from his property across the canal to the island, and on the bridge he put a sign reading “Keep Out.”
Several years later, Mr. Seligman’s neighbor to the north, Lomis Stewart, was having a pond dug on the low part of his property, and asked permission to connect it to the canal by digging across Mr. Selig-man’s property. Mr. Seligman and Mr. Stewart reached an agreement, whereby Mr. Stewart was to be permitted to use Mr. Seligman’s canal and dig across Mr. Selig-man’s property to do so. There were certain restrictions on the use of the canal, which were to be expressed in a written instrument. Unfortunately Mr. Stewart died before the instrument could be con-fected, but after the pond and the connecting canal across Mr. Seligman’s property had been dug.
The Stewart property was later sold to Darryl J. Tschirn, who is the defendant herein. Shortly after Mr. Tschirn acquired the property, there was an exchange of correspondence between him and Mr. Selig-man. Mr. Seligman then filed this suit to enjoin Mr. Tschirn from using his canal for access to the pond.
After trial on the merits, judgment was rendered permanently enjoining the defendant, his agents and assigns from trespassing over the land and waterway owned by plaintiff. Defendant has appealed.
We affirm. It is clear that the slip dug by plaintiff was dug entirely on his own property, and with his own funds. Both our courts and the United States Supreme Court have held that navigable waterways constructed with private funds on private property remain private things, and neither the title nor the use thereof become vested in the public. Kaiser Aetna v. United States, 444 U.S. 164, 62 L.Ed.2d 332, 100 S.Ct. 383 (1979); National Audubon Society v. White, 302 So.2d 660 (La. App. 3rd Cir. 1974).
Defendant argues that the servitude of use of the banks of navigable streams, granted to the public by Article 456 of the Civil Code, permits his use of the slip. The *1328 use to which the public is entitled is “ ‘incidental’ to the navigable character of the stream and its enjoyment as an avenue of commerce.” See Comment to Article 456 and authorities therein cited. We find that the use granted to the public does not include the unlimited use of private canals entering navigable waterways.
The judgment appealed from is therefore affirmed, at defendant’s cost.
AFFIRMED.