Dear Mr. Ventola:
This follows my telephone conversation with Ms. Cathy Slumber of your office, and your letter of October 6, 1998, concerning the subject permit application to construct a gate across a canal in Iberville Parish.
The canal at issue is described on quadrangle maps as "Logging Canal" and appears to be man-made in its route and alignment, as distinguished from a naturally occurring and meandering stream or bayou.
The location of the gate is stated in the permit application to be in Section 52, T/10/S R/12/E, Iberville Parish.
In reviewing relevant documents available to us, we have found that this canal was not indicated on the official township survey plat made in 1831 by U.S. Government surveyors. However, many surveys omitted naturally occurring water bodies due to survey difficulties in the field, time available, weather and water conditions, and other similar matters. It is possible that the subject canal follows or partially follows the course of a naturally occurring waterway, but this is unknown at this time.
While we have no information as to whether federal funds were utilized to dredge the waterway, we have learned that the full extent of Logging Canal was the subject of a state public works project. According to information we have reviewed, the project took place from June, 1949 to December, 1953 and was designated as "PW 384", entitled "Canals As Dug Under Statewide Drainage Program June, 1949 — December, 1953".
This shows the project was funded with public funds for, presumably, general public purposes and use by the public at large. However, we have not had an opportunity to review all available information which exists on this subject, such as the records of the Corps of Engineers and local levee and drainage districts. It is also possible that the right-of-way documents for the project(s), if any, might have some restrictions as to public use or enumerate authorized uses.
In reviewing appropriate maps at the State Land Office, we have determined that the particular canal in question furnishes a continuous route of navigation from Plaquemine, Louisiana through numerous waterways,[1] all the way to Atchafalya Bay, and thence, to the Gulf of Mexico.[2] It should be noted that in its long course to the sea, the canal passes through numerous sections and numerous and varied ownerships, including property owned by the State of Louisiana, such as the entirety of Section 51 and the southeast quarter of Section 44, which are entirely state-owned.
Based upon the information discussed above, the public has a legal right to navigate Logging Canal both within state-owned property and throughout the waterway system without interference from adjoining landowners, unless there are restrictions which have not been found. The gate location would obstruct public use and access to the waterway. Moreover, a public boat ramp located in Section 41, state-owned property, furnishes public access to the entire system of waterways in this area. The state uses this same boat ramp and the canal system to access its lands for management and timber valuation purposes. Mr. Clay Carter, Public Lands Utilization Manager, routinely uses the public boat ramp and Logging Canal to access state lands and to conduct timber surveys.
We believe that a search of historical and public works records of the Corps, the former office of Public Works and the Department of Transportation and Development might reveal more complete details concerning the purpose, origin and development of the canal system and method of funding. This information would enable us to provide a more informed opinion on the matter.
In further addressing your question as to whether or not the public has the right of passage "on the canal in question in accordance with state law", it is useful to examine the law of Louisiana pertaining to navigable canals.
In general, the law of Louisiana is that navigable canals constructed on private property with private funds remain private things in which the public has no right of entry, access or use.[3] However, the jurisprudence has also indicated that when a canal is dug through an existing naturally navigable waterway, there may be rights of public access.[4]
Canals built at public expense on public lands have been held to be public things[5], while canals built on private land may be either public or private, depending on the rights-of-ways agreed upon between public authorities and private owners. It has been held that a canal constructed as part of a subdivision on the shores of Lake Ponchartrain and used by both subdivision residents and the public at large for a number of years was dedicated to public use by such.[6] The courts have also held that canals dug by the State on private land as borrow pits for highway construction and used by the public for thirty years are public in nature and confer full public rights of access and use.[7]
In this regard, members of the public have called the State Land Office on this issue and report that this particular canal has been used without restriction by the public far in excess of thirty years. Assuming the reports to be correct, the provisions of the Louisiana Civil Code are implicated.
Under the Louisiana Civil Code of 1870, the public could acquire a servitude over property by means of prescription. However, under the 1977 revisions, effective January 1, 1978, an apparent servitude may be obtained by prescription of either ten years or thirty years.[8] Civil Code Article 742, following its amendment, states as follows:
 The laws governing acquisitive prescription of immovable property apply to apparent servitudes. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.
This article makes it possible for the public to obtain an apparent servitude of passage by prescription, as stated in the article.
It should also be noted that the Louisiana Criminal Code defines the crime of aggravated obstruction of a highway of commerce, Article 96, and simple obstruction of a highway of commerce, Article 97.
Article 96 of the Criminal Code reads as follows:
 § 96. Aggravated obstruction of a highway of commerce
 Aggravated obstruction of a highway of commerce is the intentional or criminally negligent placing of anything, or performance of any act, on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, wherein it is foreseeable that human life might be endangered.
 Whoever commits the crime of aggravated obstruction of a highway of commerce shall be imprisoned, with or without hard labor, for not more than fifteen years. (Emphasis ours)
Article 97 of the Criminal Code reads as follows:
 § 97. Simple obstruction of a highway of commerce
 Simple obstruction of a highway of commerce is the intentional or criminally negligent placing of anything or performance of any act on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, which will render movement thereon more difficult.
 Whoever commits the crime of simple obstruction of a highway of commerce shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. (Emphasis ours)
Furthermore, the Louisiana Criminal Code, Article 100.1, prohibits obstruction of public passages, including "* * * the entrance, corridor or passage of any public building, structure, water craft or ferry, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein."
It seems clear to us from the facts presented in your request, and from our review of various maps, that this canal is navigable, if not from its head waters at the Plaquemine Locks clear to the Gulf of Mexico, at least throughout the area where a gate is sought to be erected. Erection of the gate would have the effect of blocking traffic along the navigable waterway, even though the location of the blockage is within a single ownership. This is precisely the situation presented in Discon v. Saray,Inc., note 6 above, wherein the Louisiana Supreme Court held that the owner of property on both sides of a navigable canal was not entitled, to obstruct the canal even if there was an alternative route available.
If the gate has the effect of blocking access by land owners, permittees and the public at large, both above and below the gates, it would constitute blockage of a navigable waterway within the contemplation of the cited authorities. For this reason, we recommend against the granting of the permit as being contrary to the public interest, including the public at large and the state as a land owner in its proprietary capacity.
As stated above, a full factual investigation or inquiry has not been made into all of the details of this canal, nor have the records of various public authorities been reviewed. However, our conclusion is that this canal, as it exists today, was probably not a navigable waterway in 1812 such as to qualify as being state-owned by virtue of the inherent sovereignty of the State of Louisiana. However, it does appear clearly to be a navigable waterway which has been used by the public without limitation for many years. The waterway was the subject of a state public works project during 1949 to 1953 which had as its purpose dredging, channelizing and improvement for navigation and drainage purposes, resulting in present day navigability and use as a route of navigation as described above.
Consequently, you may wish to refer to the legal authorities cited in this advisory letter as guidance.
If we may be of further assistance, please feel free to call upon us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK:bb
[1] From the area of the Plaquemine Locks, the canal proceeds Southwest to Lake Long in Iberville Parish, thence to Choctaw Bayou, Lake Natchez, Big Goddel Bayou, Belle River, Bayou Magazille, Four-Mile Bayou, Grassy Lake, Lake Palourde, Bayou Beau, Bayou Chene, thence to the lower Atchafalaya River, Atchafalaya Bay and the Gulf of Mexico.
[2] The canal appears to intersect the Locks at Plaquemine Louisiana, indicating that in the past, it furnished a highway of commerce from the Mississippi to the Gulf of Mexico
[3] Seligman v. Tschirn, 394 So.2d 1326 (1st. Cir. 1981); Vaughn v.Vermillion Corporation, 100 S.Ct. 399, 444 U.S. 206, 62 L.Ed.2d 365
(1979); Dardar v. Lafourche Realty Co., Inc., 985 F.2d 824 (5th Cir. 1993).
[4] Vaughn v. Vermillion Corporation, supra.
[5] United Geophysical Co. v. Vels, 231 F.2d 816 (5th Cir. 1956).
[6] Discon v. Saray, Inc., 262 La. 997, 265 So.2d 765 (1972).
[7] D'Albora v. Garcia, 144 So.2d 911, (4th Cir. 1962).
[8] See Opinions of the Attorney General, No. 93-238, Page 6.